## NICHOLAS SCHMIDT v. CAPITAL CANDY COMPANY AND OTHERS.[1]

February 21, 1918.

No. 20,730.

**Explosive — municipal ordinance construed.**

1. Section two of Ordinance No. 2395 of the city of St. Paul considered and construed to prohibit the sale or disposition of such "fireworks and explosives" only, as are dangerous to persons or property on account of their dangerous character as explosives.

**Same — seller answerable for proximate consequences.**

2. The law requires of him who deals in articles inherently dangerous in the use for which they are intended, to refrain from placing the same in the hands of children of tender years, and where such sales are made and injury results, the seller is answerable for the consequences naturally and proximately resulting therefrom.

**Judgment for defendants ordered.**

3. The record in this case does not justify the conclusion that a better case can be established on another trial and the cause is remanded for judgment on the merits in favor of defendants.

Action in the district court for Ramsey county by the father of Marcella M. Schmidt, a minor, to recover $50,000 for injuries received by the minor. The separate answers alleged carelessness on the part of the minor and her parents. The case was tried before Dickson, J., who when plaintiff rested denied defendants' motion for a verdict and a jury which returned a verdict for $5,500. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Reversed.

*C. D. O'Brien,* for appellants.

*McNamara & Waters* and *P. J. McLaughlin,* for respondent.

QUINN, J.

The defendant D. L. Clark Company is a Pennsylvania corporation, its place of business is in that state and it is engaged in the manufacture

[1]Reported in 166 N. W. 502.

and sale of confectionery. The defendant Capital Candy Company was engaged in jobbing and wholesaling confectionery at the city of St. Paul, and the defendant Britt was a retailer of the same commodity in that city. The Clark Company had a separate trial and a verdict in its favor. The action then proceeded against the other defendants, resulting in a verdict for the plaintiff. From an order denying their motion for judgment notwithstanding the verdict, or for a new trial, defendants appealed.

The Clark Company sold to the candy company a quantity of confectionery, a portion of which consisted of what is known as "Clark's Electric Sparkler Suckers," and in turn the company sold, and on June 5, 1915, delivered to the defendant Britt, at St. Paul, a box of such sparklers. A sparkler of this kind consists of a piece of wire six inches in length and about the thickness of an ordinary pin. At one end of the wire and extending back about one-half its length is a chemical mixture in the form of a paste, in quantity sufficient, when dry, to form a stick resembling in size and appearance a small slate pencil, the wire forming the core thereof, and at the opposite end of the wire is a lump of taffy about the size of a black walnut. The chemical mixture is such that when a match is applied to the sparkler combustion ensues and white sparks are emitted. While the mixture is a mild explosive, it is not an explosive in the sense that it is dangerous to person or property. The sparks will not ignite the finest fabric, but while the mixture is burning away the wire becomes heated to such an extent that it will ignite parchment coming in contact with it at that time.

On August 15, 1914, Marcella M. Schmidt, the plaintiff, a child of seven years, purchased one of these sparklers from the defendant Britt for a penny. She then procured a match from the counter and went out onto the walk and lit the sparkler. Her clothes in some manner took fire and she was severely burned. It is the contention on behalf of the plaintiff, and so alleged in the complaint, that after the child applied the match to the sparkler, thereby causing the same to explode, sparkle and burn, and after the exploding and sparkling had ceased, her clothes, by reason of the dangerous character of the sparkler, were ignited and she was severely burned, the theory being, as we understand it, that, after the mixture had ceased burning, the wire came in contact

with her clothes and they were thereby set on fire. The proof is not conclusive as to just how the girl's clothes were ignited, whether from the match, from contact with the wire while the sparks were being emitted, or from contact with the wire after the sparks had ceased.

The plaintiff contends that the sale of the sparkler was in violation of Ordinance No. 2395, of the city of St. Paul, and that it was, therefore, actionable negligence on the part of the defendants to sell or dispose of the same. It is also contended that, even though the sparkler does not come within the prohibition of the ordinance, still it was such an inherently dangerous article as to render the seller liable under the common law.

Section 1 of the ordinance makes it unlawful for any person "to shoot or discharge any gun, revolver, pistol or firearms of any kind or description * * * or to shoot or discharge any preparation of chlorate of potash, mixture of sulphur and saltpeter, or other dangerous explosive, or any mud cans, so-called, toy cannon, loaded anvils or similar devices, or any giant or cannon crackers, or any firecrackers exceeding four inches in length, or any kind of fireworks or explosives whatever, dangerous to persons or property, * * *" within or adjacent to the city.

Section 2 of the ordinance provides: "That hereafter it shall be unlawful for any person or dealer therein, at any time during thirty days next preceding the fifth day of July in each year, to sell, expose or offer for sale, or in any manner furnish or dispose of to any resident of the city of St. Paul, or to any other person for use in said city, or to any minor person at any time, any blank cartridge, pistol or revolver, * * * , or any of the explosives, fire crackers or fireworks, the use of which is prohibited in section one of this ordinance, and all such acts are hereby prohibited."

Does the article referred to as "sparkler" come within the meaning of this ordinance? If it does it would seem to be under the following provision: "or to shoot or discharge * * * any kind of fireworks, or explosives whatever, dangerous to persons or property." Considering this provision in connection with the whole section and giving it the ordinary meaning of the language employed, it can be understood to mean and refer only to such fireworks and explosives as are dangerous from their explosive character. Any other construction would carry the

meaning of the ordinance beyond its intent and purpose. It deals only with dangerous explosives, and excludes fire crackers not more than four inches in length.

Section 2 of the ordinance prohibits the sale of any such fireworks and explosives as come within the meaning of section 1. It follows that the sale of the sparkler in question does not come within the provisions of the ordinance and it was error to admit the ordinance in evidence.

Defendants contend that they were entitled to judgment notwithstanding the verdict. The law requires of him who deals in articles inherently dangerous in the use for which they are intended, to refrain from placing the same in the hands of a child of tender years. If the child is too young to realize the character of the thing sold him, it is the duty of the dealer to refrain from selling him such article, and where such sales are made the seller is liable for the consequences naturally and proximately resulting therefrom. 11 R. C. L. 704. Carter v. Towne, 98 Mass. 567, 98 Am. Dec. 682; Binford v. Johnston, 82 Ind. 426, 42 Am. Rep. 508. However, we do not think the article sold in the instant case so inherently dangerous as to render the seller liable, without proof of knowledge on his part of some concealed danger, not apparent from mere inspection. There is no such proof in this case. So far as we are advised by the record the danger of setting off the sparkler is no greater than that which is found in the ordinary match, carelessly lighted. The record will not justify the conclusion that a better case can be established on another trial, and a majority of the court are of the opinion that the cause should be remanded for judgment on the merits in defendants' favor. It is so ordered.

HALLAM, J. (dissenting).

I dissent. My opinion is that the question whether this article, designed for use by small children, was inherently dangerous for use by a child, was a question of fact for the jury.