BEZNOR, by guardian *ad litem*, Appellant, vs. HOWELL and others, Respondents.

*November 11—December 9, 1930.*

2

*Michael Levin* of Milwaukee, for the appellant.

For the respondent Howell there was a brief by *Bottum, Hudnall, Lecher, McNamara & Michael,* attorneys, and oral argument by *Suel O. Arnold,* all of Milwaukee.

*John W. McMillan* of Milwaukee, for the respondent Wiemann Mask & Novelty Company.

NELSON, J.   The plaintiff contends that the court erred in granting a nonsuit in favor of the defendants, the "wholesaler" and the "manufacturer;" in instructing the jury as against the defendant Howell; and in rejecting certain evidence offered by the plaintiff.

The instruction complained of is as follows:

"You are instructed that a sparkler of the type introduced in evidence is not an inherently dangerous instrument, but you are called upon to determine, under the facts and circumstances disclosed by the evidence, whether Mr. Howell failed to exercise such care as the great mass of mankind ordinarily exercise under the same or similar circumstances in giving to Rose Beznor the burning sparklers."

The plaintiff contends that the instruction just quoted was prejudicial and erroneous in that the jury was told "that a sparkler of the type introduced in evidence is not an inherently dangerous instrument;" that it was error for the court to hold as a matter of law that a sparkler is not an inherently dangerous instrument and to so instruct the jury, because a sparkler is inherently dangerous as it affects children of tender years and because it was the duty of the "manufacturer" and "wholesaler" to give necessary instructions as to their use and a warning as to their inherent dangers.

But two cases have been cited in which sparklers have been directly considered.   The first case is *Schmidt v. Capital Candy Co.* 139 Minn. 378, 166 N. W. 502, 503.   In this case a seven-year-old girl purchased from the defendant a "Clark Electric Sparkler Sucker."   The article was an ordinary six-inch sparkler having on its wire end a

lump of taffy the size of a walnut. The child procured a match from the counter of the store, went outside and lighted the sparkler. Her clothes in some manner took fire and she was severely burned. It was contended in that case that by reason of the dangerous character of the sparkler she was entitled to recover. The court said: "While the mixture is a mild explosive, it is not an explosive in the sense that it is dangerous to person or property." The court further held:

"The law requires of him who deals in articles inherently dangerous in the use for which they are intended, to refrain from placing the same in the hands of a child of tender years. If the child is too young to realize the character of the thing sold him it is the duty of the dealer to refrain from selling him such article, and where such sales are made the seller is liable for the consequences naturally and proximately resulting therefrom. 11 Ruling Case Law, p. 704; *Carter v. Towne,* 98 Mass. 567, 96 Am. Dec. 682; *Binford v. Johnson,* 82 Ind. 426, 42 Am. Rep. 508. However, we do not think the article sold in the instant case so inherently dangerous as to render the seller liable, without proof of knowledge on his part of some concealed danger, not apparent from mere inspection. There is no such proof in this case. So far as we are advised by the record, the danger of setting off the sparkler is no greater than that which is found in the ordinary match, carelessly lighted."

The second case cited is *Henry v. Crook,* 202 App. Div. 19, 195 N. Y. Supp. 642, 643–4. In this case a child of seven years purchased a package of sparklers and took them home and showed them to her mother. She then took one of the sparklers out on the porch, lighted it, and after it was burning went into the room where her mother was. Thereafter she again went out on the porch and continued to make the sparkler "go around." In some way her dress became ignited and she was burned. At the trial of said action the jury found that the sparkler was sold by defendant; that he was negligent in offering the sparkler for sale for use by children, and that the plaintiff and her mother were not

guilty of any negligence. In sustaining the judgment the court said:

"It is not necessary for us in this case to hold, and we do not hold, that the sparkler itself was inherently or imminently dangerous. They are not more dangerous in themselves than the small firecracker or the ordinary match."

Notwithstanding the view of the court as expressed in the language just quoted the court held:

"These sparklers, however, were intended for the use of children of tender years, immature, who are not chargeable with understanding, sense of danger, and prudence—young children, who must be warned of danger. The legend upon the package was more a recommendation than a warning. A parent could very naturally get the impression that these were entirely harmless 'safe and sane' pieces of fireworks, to be used indoors or outdoors, and no danger could be suffered from their use, except, if one touched the glowing end, a burn would follow. The statement that they may be used indoors, where are usually rugs and carpets and other inflammable materials during the holiday time, would give one the impression that a fire could not be ignited by their use. The clothing of children is often sheer and easily inflammable. We think that a duty rested upon the manufacturer of such an article intended for the use of children to give a reasonable warning of those dangers which would naturally follow, and which a person of ordinary sense and understanding would apprehend would be likely to follow, the use of the article for fireworks."

A careful analysis of this case shows that the court applied the following principle of law to the facts:

"Plaintiff invokes the rule or principle of liability announced in *MacPherson v. Buick Motor Co.* 217 N. Y. 382, 111 N. E. 1050, L. R. A. 1916 F, 696, Ann. Cas. 1916 C, 440; *Torgeson v. Schultz,* 192 N. Y. 156, 84 N. E. 956, 18 L. R. A. N. S. 726, 127 Am. St. Rep. 894, or *Statler v. George A. Ray Mfg. Co.* 195 N. Y. 478, 88 N. E. 1063. In these cases the principle was upheld that, where a manufacturer supplies to the market articles which, when used for the purposes intended, any person of ordinary sense would realize, unless ordinary care and skill is used in respect to

their condition, there will be danger of injury to the person using them, a duty arises to use ordinary care and skill in preparing these articles for the market. Such manufacturer is liable to one with whom it has no contractual relation, if such article was put out in a defective condition, which defect ought to have been discovered or remedied by the use of ordinary care. These rules were made to apply to articles which were inherently dangerous, or which were imminently dangerous when used for the purposes intended."

It appears, however, that the court grounded its decision on another proposition, for it said:

"We think that a duty rested upon the manufacturer of such an article intended for the use of children to give a reasonable warning of those dangers which would naturally follow, and which a person of ordinary sense and understanding would apprehend would be likely to follow, the use of the article for fireworks."

It seems clear, from a careful consideration of this case, that the principle of law set forth in the decision was not correctly applied to a case involving damage from the use of a sparkler. "Such manufacturer is liable to one with whom it has no contractual relation, if such article was put out in a defective condition, which defect ought to have been discovered or remedied by the use of ordinary care." Notwithstanding the plain statement of the principle of law applicable and notwithstanding the fact that no "lack of care and skill" in preparing the sparkler for market or no defect or defective condition was shown, and notwithstanding that the court held that sparklers "are not more dangerous in themselves than the small firecracker or the ordinary match," the court sustained the judgment of the court below on the one ground alone that the question as to whether or not the defendant had, in its "legend" printed on the package, sufficiently instructed the public as to the use of sparklers and had sufficiently warned the public as to the dangers, by printing on the package this language, "Do not touch the glowing wire," was for the determination of the jury.

In harmony with the holding of the trial judge and also in harmony with the language found in the two cases just considered, we have no hesitation in deciding that an ordinary sparkler (in the absence of negligent preparation for market, defective construction, or hidden or concealed defects) is clearly not an inherently dangerous instrument and is in fact no more dangerous (if as dangerous) than the small firecracker or a common match. The only possible danger from a burning sparkler which is not defective is in permitting it while burning to touch the clothing, other combustible material, or some part of the human body; that a sparkler can be lighted only by a match, candle, fire, or burning sparkler is very clear; that a sparkler while burning and at the point of burning or emitting sparks is very hot, in fact red-hot, is perfectly obvious to any one. We might well take judicial knowledge of these facts in this day and age when sparklers are so commonly used, as was done in *Harris v. Cameron*, 81 Wis. 239, 51 N. W. 437, in a case involving the nature and uses of an ordinary toy air-gun.

We have given careful consideration to the numerous Wisconsin cases cited by the plaintiff in support of the well established principle which plaintiff contends is applicable to this case. We need only refer to three of the decisions cited for the purpose of clearly showing what principle of law is invoked and the limitations thereof. Subject to certain well defined exceptions it is the general rule that manufacturers are not liable for damages to persons with whom they have no contractual relations for personal injuries sustained by such persons because of the negligent manufacture of their product. This general rule is well recognized and needs no citation of authorities. Under this rule, therefore, the plaintiff in this case could have no claim either against the "manufacturer" or the "wholesaler" of the sparklers unless the exceptions to the general rule are such as, under the circumstances in this case, permit a recovery. The exceptions to the general rule were carefully stated by Mr. Justice TIMLIN

in *Hasbrouck v. Armour & Co.* 139 Wis. 357, 364, 121 N. W. 157:

"The manufacturer or dealer who puts out, sells, and delivers, without notice to others of its dangerous qualities, an article which invites a certain use, and which article is not inherently dangerous, but which by reason of negligent construction he knows to be imminently dangerous to life or limb, or is manifestly and apparently dangerous when used as it is intended to be used, is liable to any person who suffers an injury therefrom, which injury might have been reasonably anticipated. So a manufacturer or vendor putting out and selling articles inherently dangerous, such as explosives or poisons, without notice to others of their dangerous nature or qualities, or with a misleading notice or negligently in any other way, is liable for an injury to any third person which might have been reasonably foreseen by the manufacturer or dealer in the exercise of ordinary care. So a manufacturer or vendor making and selling an article intended to preserve or affect human life is liable to third persons who sustain injury caused by his negligence in preparing, compounding, labeling, or directing the use of such articles, if such injury to others might have been reasonably foreseen in the exercise of ordinary care. The reason for these rules is apparent. The manufacturer or vendor should have no immunity from duties common to all merely because he is a manufacturer or vendor. At the same time there is in the common law no authority for imposing special duties upon him by reason of any privity between him and the vendee of his vendee, except in the instances mentioned, which may be regarded as occasions of a general duty toward the public to whom the wares are offered, or as exceptions to the rule of non-liability. If a general rule of statute or common law requires him to take precautions to protect the public against a dangerous substance by proper designation of the thing manufactured or sold, he owes a duty to the public so to do, and for failure in that regard he is liable for the consequences reasonably to be anticipated."

In *Coakley v. Prentiss-Wabers Stove Co.* 182 Wis. 94, 195 N. W. 388, the principles of law were again discussed at length in an opinion by Mr. Justice JONES in which the law laid down in the *Hasbrouck Case* was reaffirmed. In the

recent case of *Flies v. Fox Bros. Buick Co.* 196 Wis. 196, 203, 218 N. W. 855, in an opinion by Mr. Justice OWEN, the general rule and the exceptions thereto were again stated:

"It is a general rule that manufacturers are not liable for damages to persons with whom they have no contractual relations for personal injuries sustained by such persons because of the negligent manufacture of their product. This for the reason, it is said, that an injury to any other person than the owner for whom the article is built and to whom it is delivered cannot ordinarily be foreseen or reasonably anticipated as the probable result of the negligence in its construction. To this an exception has long been recognized with reference to products which are inherently and normally dangerous, such as poisons, contaminated food, weapons, explosives, and the like—products normally destructive in their nature. From an early day the manufacturers of such articles have been held to a very high degree of care to see to it that their poisons are properly labeled, that their foods do not contain poisonous ingredients, and that their explosives and weapons will function in a normal manner. This duty is cast upon manufacturers for the purpose of conserving life and limb."

The three decisions just mentioned were most carefully considered and numerous Wisconsin cases, as well as many cases from other jurisdictions, considered. In view of the fact that the general rule and the exceptions thereto have been so carefully stated, it seems unnecessary to do more than to refer to those decisions for a full and complete discussion.

Our attention has been directed to an article in the Wisconsin Law Review, vol. 2, p. 431, No. 7, April 1924, in which the author discusses this general rule of law and the exceptions thereto:

"There is an accepted rule of law that a manufacturer is not liable for negligence to persons with whom he had no privity of contract. *Birmingham Chero-Cola Bottling Co. v. Clark,* 205 Ala. 678, 89 South. 64; *Windram Mfg. Co. v. Boston Blacking Co.* 239 Mass. 123, 131 N. E. 454; and *Pillars v. R. J. Reynolds Tobacco Co.* 117 Miss. 490, 78

South. 365. However, under modern decisions, certain well defined exceptions to this rule are recognized. A · federal court in *Huset v. J. I. Case T. M. Co.* 120 Fed. 865, 61 L. R. A. 303, enumerates the three exceptions to the nonliability of manufacturers in tort to be: (1) an act of negligence on the part of the manufacturers imminently dangerous to human life or health, which occurs in the preparation of foods and poisons, whose primary use is to preserve or affect life and health; (2) an owner who impliedly invites third persons to use defective appliances manufactured by him; and (3) a manufacturer who, without notice of its qualities, supplies to others a machine which he knows to be imminently dangerous to any one who may use it. Our own court in *Hasbrouck v. Armour & Co.* 139 Wis. 357, 121 N. W. 157, holds that there are three established exceptions by which a manufacturer is held liable in tort, and states these exceptions to be: (1) where he puts out an article not inherently dangerous which invites certain use, but which he *knows* to be imminently dangerous to life and limb by reason of negligent construction; (2) where he markets articles inherently dangerous, such as explosives or poisons, without effectual notice to others of their dangerous qualities; and (3) a manufacturer making and selling an article intended to preserve or affect human life who is negligent in the preparing, compounding, or labeling of such article."

After giving most careful consideration to the well established general rule and the exceptions thereto as found in the cases and Law Review article cited, it is our opinion that the exceptions are not sufficiently broad to permit us to hold that a manufacturer of sparklers can be held liable for injuries resulting from their use, in the absence of a showing of defective manufacture or construction or of a hidden or concealed defect therein.

The particular sparkler involved in this case was not shown to have been of defective manufacture or to have had any concealed or hidden defect. It was an ordinary sparkler in no manner unusual. This being true, under the view which we take, no liability of the "manufacturer" or "wholesaler" for the manufacture for sale or sale thereof exists.

In our opinion the trial court was right in granting the motion of the defendants "manufacturer" and "wholesaler" for nonsuits. The instructions of the court complained of meet with our approval, and the jury having acquitted the defendant Howell of any negligence in giving the sparkler to the plaintiff or in warning her that the sparklers were hot, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.