(No. 34684.—

Acme Specialties Corp., Appellant, *vs.* Joseph Bibb, Director of the Department of Public Safety, *et al.,* Appellees.

*Opinion filed March 20, 1958—Rehearing denied May 23, 1958.*

STAGMAN, SPANGLER & GREENBERG, of Chicago, (ERWIN H. GREENBERG, of counsel,) for appellant.

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, and A. ZOLA GROVES, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Plaintiff filed a complaint for a judgment declaring that the 1957 amendments to the statutes dealing with fireworks are unconstitutional. The complaint was dismissed upon motion of the defendants, and the plaintiff appeals directly to this court.

Two statutes, one enacted in 1935 and the other in 1941, deal with fireworks. The 1935 act is concerned primarily

with their manufacture, storage and sale. (Ill. Rev. Stat. 1957, chap. 38, pars. 276.1-276.26.) The 1941 act prohibits the sale or use of fireworks generally, but allows their use in public displays for which permits have been issued by local units of government. Sale of fireworks to holders of such permits is permitted. Ill. Rev. Stat. 1957, chap. 38, par. 276.27-276.31.

Until 1953 sparklers were expressly excluded from the definition of fireworks in both statutes. In *Acme Fireworks Corp.* v. *Bibb,* 6 Ill.2d 112 (1955), it was held that the 1953 amendments to the 1941 act did not clearly express a legislative purpose to include sparklers within the definition of fireworks in that act. The parties agree that the 1957 amendments have eliminated all doubt, and that both the 1935 and the 1941 acts are now applicable to sparklers.

The plaintiff argues that sparklers are not fireworks, and that section 13 of article IV of the constitution is violated when provisions governing them are included in a statute whose title is "An Act to prohibit the sale, offering or exposing for sale of fireworks; defining fireworks and to regulate the manner of using fireworks, and to provide penalties for the violation of the provisions of the Act." This contention is without merit. A sparkler is defined as "a firework consisting usually of a heavy wire partly coated with a composition which on burning emits brilliant sparks." (Webster's New International Dictionary, 2d ed., Unabridged; see also, Oxford Universal Dictionary.) Since sparklers are fireworks, provisions concerning them can of course be included in a bill that states its purpose to regulate fireworks.

The core of plaintiff's contention that the act is invalid seems to lie in its assertion that while the General Assembly may regulate sparklers, it may not prohibit their sale or use. In support of this contention it cites cases in which sparklers were held not to be "inherently dangerous" when

recovery was sought against the manufacturer or seller for burns that children received while playing with them. (See *e.g., Beznor* v. *Howell,* 203 Wis. 1, 233 N.W. 758.) It is then argued that since sparklers are not inherently dangerous, their sale can not be prohibited. Certainly the legislature cannot interfere with the right to engage in a lawful business which threatens no public interest. (*People* v. *Weiner,* 271 Ill. 74; *People ex rel. Barrett* v. *Thillens,* 400 Ill. 224; *Figura* v. *Cummins,* 4 Ill.2d 44.) But its power to act in the interest of public safety does not depend upon whether the thing with which it deals has, or has not, been classified for other purposes as "inherently dangerous."

The plaintiff manufactures and sells sparklers which are useful only for amusement or entertainment, but which are undeniably capable of causing injuries—particularly to small children. The legislation before us does not forbid their sale or use, and it is therefore unnecessary to consider whether their minimal usefulness, weighed against their capacity for causing harm, would justify a complete prohibition of manufacture and use. The plaintiff can continue to manufacture sparklers, and it can continue to sell them to persons who are authorized to purchase them for use in public displays. So far as manufacture is concerned, the plaintiff does not question the validity of any of the regulations that govern the manufacture of sparklers. So far as sale and use are concerned, the legislature clearly expected that if the sale of sparklers to persons without permits and the use of sparklers by persons without permits were forbidden, the incidence of injuries to children would be reduced. That is a proper legislative objective, and it is not suggested that the means employed are unreasonable.

The fact that until now the legislature has not limited the sale or use of sparklers is immaterial. The power of the legislature to act with respect to evils that it recognizes

520

is not conditioned upon the promptness with which it recognizes them.

The judgment is affirmed.

*Judgment affirmed.*