RICHARDS, Plaintiff and Respondent, vs. PICKANDS-MATHER COMPANY and another, Defendants and Appellants: PRIEWE and others, Interpleaded Defendants and Respondents.*

*June 7—June 30, 1950.*

---

* Motion for rehearing denied, with $25 costs, on September 6, 1950.

For the appellants there was a brief by *Aberg, Bell, Blake & Conrad* and *Carroll Metzner*, all of Madison, and oral argument by *Mr. Wm. J. P. Aberg* and *Mr. Metzner*.

For the respondent there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, and *Herman A. Schmidt* of Lake Mills, and oral argument by *W. L. Jackman*.

For the interpleaded respondents there was a brief by *Rieser & Mathys* of Madison, and oral argument by *C. G. Mathys*.

BROWN, J.   Appellants contend that the causal negligence of Priewe was a question for the jury but the causal negligence of Sundmacher, and the percentage thereof, was not. We must examine the record to see if there is any testimony which, if the jury believed it, will support the finding that Sundmacher was negligent and such negligence contributed to cause the accident; next whether Richards' negligence, which is not denied on this appeal, is as great or greater than that of Sundmacher as a matter of law; and, finally, whether

there is evidence upon which a finding that Priewe was causally negligent could be sustained.

Evidence which the jury was entitled to believe shows that in the daytime on January 20, 1947, Richards was driving west on Highways 11 and 81 near Monroe, in Green county. The cement highway was covered with ice. The weather was stormy with wind, snow, and sleet, which reduced visibility materially. Richards' two-ton truck was loaded with six tons of sand and he was driving it at a rate of twenty-five miles per hour. As he started up a hill he observed an object in the road about one hundred fifty feet ahead of him. He thought it was moving but he slowed up somewhat. When he had closed to one hundred feet he saw it was an automobile (Sundmacher's) and when he was about seventy-five feet away he discovered it was not moving and was directly in his path. Richards reduced his speed still more and prepared to go by. To pass, he had to travel on the left, south, side of the highway and it was necessary for him to keep up the momentum of his truck to avoid stalling on the slippery hill. When he pulled over to the left he saw the Priewe truck coming from the west and knew he could not go past the Sundmacher car before the other truck got there, so he turned back into his own lane and put on his brakes to avoid hitting the stalled automobile. Braking caused his truck to skid into Priewe's path where he was hit and received the injuries complained of. The collision took place about fifty feet behind Sundmacher's automobile.

Sundmacher had preceded Richards over this highway and had gone about three fourths of the way up the hill when his engine stopped and refused to start. He and his passenger remained in the car while Sundmacher allowed it to roll backward down the hill until it nearly reached the bottom. There was a shoulder seven feet wide north of the cement highway, sloping about eight inches in the seven feet. The shoulder would support an automobile and the snow on it

was about ankle deep. Sundmacher made no effort to get his automobile onto the shoulder but left it on the north half of the twenty-foot cement highway and he and his guest went to a farmhouse to telephone. If they left lights burning on the automobile, no witness saw them. The collision occurred while they were away.

The jury was instructed upon the statutes (secs. 85.19 (1) and 85.19 (8) ) concerning leaving vehicles on the highway. It found Sundmacher causally negligent as to the position of his automobile there. Sundmacher asserts that if it was negligence it was not causal. He refers us to a number of decisions which have held the mismanagement of the moving car rather than obstruction by the stalled one caused the accidents then under consideration. There are such decisions, and there are also many to the contrary. The authority of each depends almost entirely upon the facts peculiar to the individual accident. Where the situation was apparent in time for the driver to direct the moving automobile upon a safe course or to stop it but his opportunity to do so was negligently disregarded, we have held such negligence rather than the position of the motionless car caused the accident; but when negligence has placed an obstruction in the highway under circumstances which greatly reduce the ability of a motorist to cope with it safely we have recognized that such negligence may be a proximate cause of an accident occurring when the latter is attempting to halt or pass.

In the instant case the jury had a view of the scene of the collision which, though it is not in itself evidence, enabled them to interpret and comprehend the testimony. They saw the shoulder of the road and the distance down which Sundmacher backed his car without going onto the shoulder. They found it was negligent for him to leave it where he did. This finding must certainly be sustained as supported by the evidence. His automobile then blocked the lane for westbound traffic and made it necessary for travelers going west to in-

vade the other side of the road in order to proceed. Under a permissible and reasonable view of the evidence Richards could not see the Sundmacher car until he was in the neighborhood of one hundred fifty feet from it, nor could he see at any time much beyond it. When he saw it the situation did not require him to stop. He proceeded somewhat more slowly until it was time for him to turn out to pass and then found passing impossible because Priewe appeared in the lane which Richards would have to use. The whole roadway was blocked and the obstruction in Richards' proper lane was there through the negligence of Sundmacher. There can be no doubt that it was competent for the jury to find that this negligence was a presently operating, effective, cause of the accident which occurred when Richards put on his brakes in an effort to avoid or minimize the force of colliding with Sundmacher's automobile.

The appellants insist that Richards' negligence was at least equal to that of Sundmacher as a matter of law. We do not see it so, but think the comparison was a matter to be determined by the jury.

Appellants assign as error the trial court's direction of a verdict dismissing their cross complaint against Priewe and argue here that there was evidence upon which the jury could find that Priewe drove negligently and that this negligence contributed to produce the collision. Taking the evidence most damaging to Priewe, he drove down the slippery hill at a rate of thirty to thirty-five miles per hour; he did not see the Sundmacher car until he was twenty or thirty feet from it; and he did not see the Richards truck at all until it skidded out into Priewe's traffic lane about thirty feet in front of him; and he did nothing to avoid the collision. If Priewe had seen Sundmacher's automobile and Richards' truck ever so far ahead he would have seen them both on their own side of the road and would have had a right to rely on their staying there. Until he saw or had reasonable

cause to expect a car on his side of the road reasonable care required only that he pass the two, keeping in his own traffic lane with his truck under control. When the invasion of Priewe's lane occurred, as sudden and unexpected to the other driver as it was to Priewe, there was no time for Priewe to do anything to prevent the collision. We find nothing in his manner of driving upon which a finding of causal negligence could be sustained. It was not error for the learned trial court to direct the verdict dismissing the cross complaint.

*By the Court.*—Judgment affirmed.