HELEN LIND v. FRED NEBEL, SR. AND OTHERS.
WANDA KIENETZ v. SAME.
CARL G. ANDERSON, SR. AND ANOTHER, APPELLANTS.[1]

December 22, 1950.

Nos. 35,275, 35,276.

*Swensen & Anderson,* for appellants.

*Ossanna, Weisman & Hvass,* for respondents Helen Lind and Wanda Kienitz.

[1]Reported in 45 N. W. (2d) 401.

*Freeman, King, Larson & Peterson,* for respondents Fred Nebel, Sr., and Fred Nebel, Jr.

MAGNEY, JUSTICE.

In two actions, tried together, to recover for injuries received in the same accident, verdicts were returned for plaintiffs against all the defendants. Two of the defendants have appealed from orders denying their alternative motions.

The accident occurred at 10 p. m., March 9, 1949, in Milaca. Defendant Carl G. Anderson, Jr., 19, was driving his father's two-door Chevrolet sedan west on state highway No. 23. Plaintiffs were passengers in his car. Defendant Fred Nebel, Jr., 17, was driving his father's Chevrolet pickup truck east on the same highway. An intersecting street runs north and south. When Nebel reached this intersecting street, he turned to his left in front of the Anderson car. The cars collided in the northwest quadrant of the intersection about even with the west curb line of the intersecting street. The front end of the Nebel car struck the Anderson car on its left front corner.

For a block prior to the collision, Anderson had been traveling about 20 miles an hour. When within 25 feet of the intersection, he was driving 15 or 20 miles an hour. Nebel had been traveling about 20 miles an hour until he turned to his left. At the time of the collision he claims that he was driving about 5 miles per hour. As the cars approached the intersection, each was being driven on its own right-hand side of the two-lane highway. Nebel, approaching the Anderson car, gave no signal of any kind that he was about to make a left-hand turn. As he was making the turn, he was glancing over his left shoulder and did not see the Anderson car or its lights until the moment of impact. He started to make the left-hand turn as soon as he reached the intersection, about a foot into it, as he states. Anderson saw a car approaching from the west on its own side of the street. When Anderson was about three-quarters of the way across the intersection, the Nebel car turned

directly in front of him. When Anderson first saw the Nebel car starting to turn it was less than a car length away from him.

Plaintiffs were injured in the collision. The jury brought in verdicts against both the owners and the drivers. Defendants Anderson appeal.

Clearly, Nebel was negligent in the operation of his car. The question for our determination is whether Anderson was also negligent, and whether the concurrent negligence of both was the proximate cause of the accident. The Andersons contend that plaintiffs failed to establish any negligence on the part of Anderson, Jr., which proximately caused or contributed to cause the accident, and that the accident was caused solely by the negligence of the driver of the Nebel car.

Anderson, as he was approaching the intersection, was traveling at a speed of 15 to 20 miles an hour. The evidence discloses no circumstance that would make such speed excessive. When Anderson saw the Nebel car, it was approaching in its own lane on its own side of the highway. There was nothing in the manner of its approach to indicate any danger from that source. Anderson had a right to rely on the Nebel car's staying where it was on its own side of the road. Until Anderson saw or had reasonable cause to expect the Nebel car to be on the Anderson side of the road, reasonable care on Anderson's part required only that he proceed as he was doing, keeping in his own traffic lane. When Nebel invaded Anderson's lane suddenly, unexpectedly, and without any kind of signal or warning, there was no time for Anderson to do anything to avoid the collision. When Anderson saw the Nebel car turning toward him, it was less than a car length away in distance and less than a split second away in time. There was nothing he could do. The two lanes of the highway are part of the same concrete slab, and the distance between two cars traveling in opposite directions, each in its own proper lane, is but a very few feet. We have considered the evidence carefully and find nothing in Anderson's operation of his car that can be charged to negligence proximately

causing the accident. See, Richards v. Pickands-Mather Co. 257 Wis. 365, 43 N. W. (2d) 359.

Respondents rely on Kemerer v. Mock, 198 Minn. 316, 269 N. W. 832. In that case, a Studebaker was being driven north on the east side of a 36-foot street. A Plymouth was coming south on the west side of the street. Both were approaching an intersection. The driver of the Plymouth was intending to, and did, turn east to his left into a 30-foot street at the intersection. The cars collided. The front right corner of the Studebaker struck the Plymouth just back of its right front fender, and the cars came to rest at the northeast corner of the intersection. We held that the question of the negligence of each driver was properly submitted to the jury. The verdict was against both defendants. We stated that the jury could conclude that the Plymouth cut the corner and was hit in the north half of the intersection, and that the driver of the Studebaker was negligent in not observing the approach and course of the Plymouth. The facts in the instant case and those of the Kemerer case are quite different. Here, the front of the Nebel car struck the left front of the Anderson car when the latter was more than three-fourths through the intersection, at a time when the driver of the Anderson car had no opportunity to observe the approach and course of the Nebel car for a sufficient length of time to avoid the collision.

Since in our opinion the evidence discloses no negligence on the part of defendants Anderson, there must be a reversal.

Orders reversed with directions to enter judgments for defendants Anderson.