McFEE, Plaintiff and Respondent, vs. HARKER and another, Defendants and Appellants: CLARK TRANSPORT COMPANY and another, Defendants and Respondents.

*February 7—March 4, 1952.*

For the appellants there were briefs by *Roberts, Roe, Boardman, Suhr & Bjork* of Madison, and oral argument by *Walter M. Bjork.*

*Hugh F. Oldenburg* of Madison, for the respondent John McFee.

*Frank M. Coyne* of Madison, for the respondents Clark Transport Company and American Fidelity & Casualty Company.

CURRIE, J. The following three questions are before us on this appeal:

(1) Was the negligence of Kleist in parking the tractor-trailer on the highway such an intervening act so as to supersede Harker's negligence in causing the first collision and render the same not a proximate cause of the second collision?

(2) Was the causal negligence of the plaintiff at least as great, or greater, as a matter of law, than the causal negligence of Harker?

(3) Was the causal negligence of Kleist in parking the tractor-trailer on the highway at least as great, or greater, as a matter of law, than the causal negligence of the plaintiff?

There is little question but what Kleist, after stopping the first time he approached the scene of the Harker-Henderson collision to make his observation, could have maneuvered the tractor-trailer past both vehicles and proceeded on his way. He, however, realized that these two damaged vehicles on the pavement presented a traffic hazard, especially in view of the fog and poor visibility which prevailed. Therefore, Kleist drove the tractor-trailer partly off the south side of the pavement and parked it with the intention of placing lighted flares out in both directions to warn approaching traffic, and was in the act of getting such flares out of the cab of his vehicle when it was struck in the rear by plaintiff's automobile. Because Kleist admitted that it would have been possible for him to have parked the tractor-trailer entirely on the south shoulder off the pavement, the jury found him causally negligent in so parking.

Inasmuch as Kleist voluntarily elected to park as he did and was not forced so to do by the physical factors resulting from the first collision, the appellants earnestly contend that Kleist's negligence was such an intervening act as to make it a superseding cause of plaintiff's injuries, thus preventing Harker's negligence from being a proximate cause of the second collision. There probably is no phase of negligence law in which there is greater uncertainty and confused thinking on the part of members of the bar than on this question of intervening cause, and perhaps the courts are not entirely blameless for such uncertainty and confusion. In order to pass on this contention raised by appellants we think it desirable to refer to the general principles of law applicable rather than trying to find the answer in decisions of this court made with respect to particular fact situations entirely dissimilar to those presented in the instant case.

Restatement, 2 Torts, p. 1196, sec. 447, states:

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

"(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

"(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or

"(c) the intervening act is a normal response to a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent."

Interpreting the foregoing quotation from the Restatement in the light of the facts of the instant case, the words "actor's negligent conduct" appearing in such quotation has reference to Harker's negligent acts in causing the first collision, and, "superseding cause" means one which would relieve Harker's negligence from being a proximate cause of plaintiff's injuries. We believe that Kleist's act in parking as he did for the purpose of getting flares and setting them out was a normal response to the situation created by Harker's negligence, and the manner in which Kleist parked the tractor-trailer was not extraordinarily negligent, especially in view of the fact that it was necessary to act in a hurry if he was to accomplish his purpose. The fact that the jury attributed only ten per cent of the total negligence to Kleist indicates that they did not consider him extraordinarily negligent. We, therefore, conclude that his negligence was not such an intervening cause as to relieve Harker from liability with respect to the second collision causing plaintiff's injuries.

Appellants cite the decisions of *Kitter v. Lenard* (1940), 235 Wis. 411, 291 N. W. 814; *Schultz v. Brogan* (1947), 251 Wis. 390, 29 N. W. (2d) 719; and *Walton v. Blauert* (1949), 256 Wis. 125, 40 N. W. (2d) 545, in support of

their position that Kleist's negligence was an intervening cause which superseded the negligence of Harker in causing the first collision and prevented the same from being a proximate cause of plaintiff's injuries.

In *Kitter v. Lenard, supra,* a collision had taken place on an east and west street in the city of Superior between two vehicles one of which was a truck owned by the defendant Lumber Company and driven by its employee Peterson. After the collision the truck came to a stop facing southwesterly almost entirely on the north side of the street, and if it did project into the southerly lane of traffic such projection was at the most only eleven inches, leaving the entire south lane open to traffic of a width of at least twelve feet. The plaintiff alleged negligence on the part of the Lumber Company in not removing the truck from such location after the accident. A crowd of people gathered around the vehicles and the defendant Lenard approached from the west, at least ten minutes after the first accident occurred, driving east at an excessive rate of speed. As he came over the crest of a viaduct he saw the people in the street and he applied his brakes, causing his car to slue, strike a wood timber of the south curb, and continue to skid and bound along until it passed up on to the south sidewalk and there tipped over and fatally injured plaintiff's intestate. This court in its decision in that case stated (p. 418):

"Lenard's negligence by reason of his excessive and unlawful speed was clearly a new, independent, intervening and efficient cause, which was not a consequence of any act or omission for which the Lumber Company was legally responsible, or which was under its control or ought to have been foreseen by the exercise of reasonable diligence on its part; and except for Lenard's unlawful speed the injurious consequences to Kitter would not have happened. Under these circumstances the injurious consequences to Kitter are too remote from any of the alleged negligent acts or omissions on the part of Peterson to constitute them the basis

for the recovery of damages for Kitter's death from the Lumber Company."

The facts in the *Kitter v. Lenard Case* are clearly distinguishable from those in the instant case as viewed from the standpoint of the principles of law set forth in the quotation from the Restatement, 2 Torts, p. 1196, sec. 447, *supra,* because the lumber company had no reason to anticipate Lenard's act, such act being "highly extraordinary," and Lenard being "extraordinarily negligent."

In *Schultz v. Brogan, supra,* the defendant Wiedmeyer's car had gone into the ditch off a concrete highway, and the defendant Marx, with his automobile, had pulled the Wiedmeyer car back onto the pavement. Both cars at the time of the accident in question were facing east on the south side of the highway, the Wiedmeyer car being directly behind the Marx car. Some people, including the plaintiffs, had gathered around, and the two plaintiffs were struck by a car driven by Brogan (who was going east), such car striking them just before, or at the time of, colliding with the rear fender of the Wiedmeyer car. The jury exonerated both Wiedmeyer and Marx from the charge of "parking, stopping, or leaving standing his automobile upon the highway when it was practical to park, stop, or leave such vehicle standing off the roadway of the highway." Each, however, was found guilty of parking his automobile on the highway without leaving a clear and unobstructed width of not less than fifteen feet upon the roadway of the highway opposite his car. This court held that the accident would have happened regardless of whether Wiedmeyer and Marx had left fifteen feet of clearance or not because Brogan claimed that the reason he struck the Wiedmeyer car was to avoid running into people standing in the north lane of traffic. The negligence of Wiedmeyer and Marx in not leaving fifteen feet of clearance was therefore not a "substantial factor"

(to use the words of the quotation from the Restatement, *supra*), in causing the plaintiffs' injuries. The court intimates very clearly in its decision that, if the jury had found Wiedmeyer and Marx guilty of negligence in parking on the highway under circumstances when it would have been practical to have parked off the roadway of the highway, such negligence would then have been held to have substantially contributed to plaintiffs' injuries. In other words, *it was the non-negligent act in parking on the highway which contributed to cause the accident and not the negligent act of failing to leave fifteen feet of clearance.*

In the case of *Walton v. Blauert, supra,* the car of the defendant Olp became stalled on the east half of a north and south highway, facing south, thus being on the left or wrong side of the highway. The defendant Vande Wall backed his car to a point six to ten feet in front of the Olp car so as to be able to tow the Olp car. It was about 1:15 o'clock in the morning, and both cars had their headlights on. The car of the defendant Blauert approached at great speed from the south, going north, the plaintiff being a guest passenger therein. He did not see the headlights of the Vande Wall car until he was from twenty to forty-five feet from the Vande Wall car, and crashed head on into it without applying his brakes. The jury in their special verdict found both Vande Wall and Olp causally negligent in parking their vehicles without leaving fifteen feet of clearance on the concrete roadway. This court held that the negligence of the defendant Blauert was an intervening cause and was the sole proximate cause of the accident. It would seem that the proper question as to the negligence of Vande Wall and Olp which should have been submitted to the jury by the trial court was that of parking on the wrong side of the highway, rather than that of parking so as to fail to leave fifteen feet of clearance. If Vande Wall and Olp were negligent in parking on the wrong side of the highway, then it is difficult to

reconcile the decision of this court in *Walton v. Blauert* with
our decision in *Schultz v. Brogan, supra,* and with the gen-
eral principles set forth in the quotation from the Restate-
ment, *supra.* If this decision is to be reconciled at all, it
must be done on the theory that if the Vande Wall and Olp
cars had been facing in the opposite direction and, instead
of standing still, had been proceeding at a slow rate of speed,
they still would have been struck by the Blauert car and
the accident would have occurred. In other words, although
Vande Wall and Olp might have been negligent in having
their cars parked on the wrong side of the highway, never-
theless, such negligence was not a "substantial factor" in
causing the accident.

In the instant case, appellants, in arguing their point of
intervening cause, point out that no physical contact took
place between plaintiff's vehicle and the Harker car. In the
case of *Richards v. Pickands-Mather Co.* (1950), 257 Wis.
365, 43 N. W. (2d) 359, one Sundmacher, an employee
of the defendant Pickands-Mather Company, was driving
up an icy hill on a concrete highway and became stalled, and
then allowed the car to roll backward down the hill until
it nearly reached the bottom. When it came to a stop there
was to its right a shoulder seven feet wide which would
have supported an automobile but Sundmacher made no
effort to get his automobile onto the shoulder, but left it
on the north half of the twenty foot pavement, and he and
his guest went to a farmhouse to telephone. A truck driven
by the plaintiff proceeding in the same direction as had the
Sundmacher car approached from the rear, and, seeing the
Sundmacher car stalled on the highway and blocking
the right side of the pavement, turned left to pass and col-
lided with a truck driven by the defendant Priewe approach-
ing from the opposite direction. *The collision took place
about fifty feet to the rear of the Sundmacher car.* A ver-
dict was directed in favor of Priewe, but both the plaintiff

and Sundmacher were found causally negligent, and the jury attributed greater percentage of negligence to Sundmacher than to the plaintiff. This court held that Sundmacher's negligence was a proximate cause of the accident, thus negativing the contention of Sundmacher that his negligence was not causal because superseded by the intervening negligence of the plaintiff in attempting to pass to the left, or wrong side, of the highway.

The decision in the case of *Richards v. Pickands-Mather Co., supra,* is in accord with the principles set forth in the quotation from the Restatement, *supra.* Sundmacher's negligence was clearly a "substantial factor" in causing the accident, and the negligent act of the plaintiff in attempting to pass the parked vehicle to the left was such conduct that Sundmacher "should have realized the third person might so act."

The appellants contend that if Kleist's negligence is not found to be such an intervening cause so as to supersede the negligence of Harker, nevertheless, the plaintiff is not entitled to recover in this action because his negligence as a matter of law was at least as great, or greater, than that of Harker. The two most recent decisions of this court which have held that a plaintiff, who negligently drives a motor vehicle so as to collide with another vehicle stalled or parked on the highway, is barred from recovering because of his negligence being as great, or greater, as a matter of law, than that of the defendant from whom recovery is sought, are: *Quady v. Sickl* (1952), 260 Wis. 348, 51 N. W. (2d) 3, and *Hephner v. Wolfe* (1952), ante, p. 191, 52 N. W. (2d) 390.

In *Quady v. Sickl, supra,* the plaintiff's negligence was compared with that of the operator of a vehicle approaching from the opposite direction who failed to properly dim his headlights; while in *Hephner v. Wolf, supra,* the negligence of the plaintiff was compared with that of an operator of a

vehicle who had parked partly on the pavement as a result of a punctured tire. In the instant case, Harker's negligence consisted of attempting to pass another vehicle to the left in a fog without sufficient clear view of the roadway ahead to enable him to pass, resulting in a collision with the Henderson car coming from the opposite direction. Harker was extraordinarily negligent, and negligence of this kind cannot be too strongly condemned because the operator of a vehicle coming from the opposite direction is usually confronted with an emergency in which he is afforded no opportunity to do anything which would avoid a collision. Clearly the finding of the jury in the instant case attributing a greater percentage of negligence to Harker than to the plaintiff is supported by credible evidence and should not be disturbed.

Appellants further contend that Kleist's negligence was as a matter of law as great, or greater, than that of the plaintiff. The reason underlying this contention is that Harker and his insurance carrier are barred from contribution against the defendant, the Clark Transport Company (the employer of Kleist), and its insurance carrier, if the percentage of negligence of Kleist, as found by the jury, being less than that of the plaintiff, is permitted to stand. In comparing plaintiff's negligence with that of Kleist we have a fact situation somewhat similar to that presented in *Hephner v. Wolf, supra,* where we held that a plaintiff who operated his vehicle so as to collide with the rear of a parked vehicle could not recover because his negligence was as a matter of law as great, or greater, than that of the defendant operator of the parked vehicle. Not only was the jury warranted under the facts in finding plaintiff's negligence to be greater in percentage than that of Kleist, but, if the jury had found Kleist's negligence greater than that of the plaintiff, it is doubtful whether such finding could be permitted to stand.

*By the Court.*—Judgment affirmed.