SEEGER, Plaintiff and Respondent, v. WEBER and another, Defendants and Appellants: WITTROCK, Defendant and Respondent: SCHENK and another, Interpleaded Defendants and Respondents.

*February 7—March 6, 1962.*

For the appellants there was a brief by *Schmitt, Wurster & Tinglum* of Merrill, and oral argument by *Sverre O. Tinglum*.

For the respondents there was a brief by *Klueter, Larson & MacKenzie* of Wausau, and oral argument by *H. R. Klueter*.

BROADFOOT, C. J.    The accident happened in the city of Merrill on October 10, 1959.  Plaintiff was a passenger in a car driven by the defendant Wittrock, who was proceeding north on Pier street, which was an arterial.  Mrs. Weber was following the Wittrock car as the vehicles approached the intersection of Pier and Seventh streets.  When Wittrock was about 75 feet from the intersection and traveling at about 25 miles per hour, he noticed a city bus approaching the intersection going in a westerly direction.  The bus was then about 40 to 50 feet east of the intersection.  He testified that the bus was going "pretty fast" although his estimate

of its speed was 15 miles per hour. Wittrock felt that the bus might not stop at the intersection so he immediately let up on his accelerator and applied his brakes. He had reduced his speed to eight to 10 miles an hour when he noticed that the bus had stopped. He traveled 30 to 40 feet at the reduced speed and was beginning to accelerate again when he was struck from the rear by the following Weber car.

Mrs. Weber testified that she had been watching the Wittrock car but turned to speak to her son and when she again looked up the Wittrock car was right in front of her.

Schenk, the bus driver, testified that he drove up to the intersection at a speed of 15 miles per hour and did not start slowing his bus until he was within 10 to 15 feet from Pier street. He did not stop at the stop sign but proceeded through the crosswalk and came to a stop at the intersection of Seventh street with Pier street.

The appellants contend that Schenk violated sec. 346.46 (2) (b), Stats. It is contended that this is a safety statute and therefore Schenk was negligent as a matter of law. The appellants argue, therefore, that a jury should have been permitted to determine whether such claimed negligence was a substantial factor in causing the accident.

The trial court held that the only possible theory upon which any causal negligence could be attributed to Schenk would be that because of the manner in which he operated the bus Wittrock was prompted to make a fast, unusual stop. Wittrock did not do so. He merely reduced his speed. The trial court held that Wittrock was not justified in assuming that the bus was going to cross the intersection ahead of him, but as a cautious driver he was justified in reducing his speed upon approaching the intersection.

We agree with the trial court that Wittrock's actions were those of a particularly cautious driver on approaching an intersection and that there was nothing about the manner in

which the bus was operated that should have caused him to reduce his speed to the extent that he did.

Assuming Schenk was negligent, we can find nothing about his conduct that was a substantial factor in producing the accident. The record establishes that Wittrock's brake lights were working, and if Mrs. Weber had maintained a proper lookout and had properly managed and controlled her automobile there would have been no accident. In any event, the conduct of Mrs. Weber was an intervening and superseding cause of the accident and the resulting injuries to the plaintiff. For a discussion of this rule see *McFee v. Harker* (1952), 261 Wis. 213, 219, 52 N. W. (2d) 381.

*By the Court.*—Those parts of the judgment appealed from are affirmed.