# Gerg v. Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Grade crossing—Bicyclist — Watchman
—Signal to cross—Evidence—Speed of train—Electric crossing bell
—Contributory negligence—Case for jury.*

1. It is the duty of a railroad company when its track crosses a much traveled street or highway to give some sufficient notice of a train's approach and to moderate the speed of the train to such a rate as, under the circumstances, is reasonably consistent with public safety.

2. The duty of a watchman at a railroad grade crossing requires him to know the situation as to safety at the crossing, and parties desiring to cross the track may assume and act on such knowledge, they, however, exercising proper vigilance for their safety under the circumstances. The watchman's signal to cross is an invitation to everyone present within a reasonable distance waiting and desiring to cross the track, and the meaning of his signal cannot be confined to any one individual whether he saw any one else or not.

3. In an action against a railroad company to recover damages for the death of an eleven-year-old boy at a railroad grade crossing, the question of defendant's negligence and the contributory negligence of deceased is for the jury, and a verdict and judgment for the plaintiffs will be sustained where it appears that the deceased when from thirty to. fifty feet from the crossing was in the act of mounting his bicycle when defendant's watchman made a signal to a man in front of the deceased to cross, although he did not see deceased; that deceased saw the signal, proceeded to cross and was struck and killed by the approaching train.

4. In such case evidence was properly admissible to prove the speed at which the train was running, the distance of the train from the crossing, and similar matters showing the conditions or circumstances at the time the watchman gave the signal to cross, as bearing upon the question of the watchman's negligence.

5. In such case evidence was properly admitted to show that the electric bell at the crossing rang when trains were within a radius of 2,500 feet, the trackage covered by the bell, whether they were about to pass the crossing, were standing still, or were going in the opposite direction, for the purpose of showing that the bell did not give certain and adequate warnings of the crossing of the street by railroad trains, and as tending clearly to negative the inference

that the deceased did not use proper vigilance and was negligent in attempting to cross while the bell was ringing, notwithstanding the watchman's express invitation to cross.

6. In such case the court did not err in charging that a boy eleven years of age is not held to the same measure of care or responsibility that an adult man would be; that the measure of a child's responsibility is his capacity to see and appreciate danger, and that in the absence of clear evidence he will only be held to such a measure of discretion as is usual in those of his age and experience; and further that there is a presumption that a child eleven years of age is not capable of seeing or appreciating danger, but that such presumption is not irrebuttable, and the burden of rebutting it lies upon the defendant.

Argued May 1, 1916. Appeal, No. 81, Jan. T., 1916, by defendant, from judgment of C. P. Elk Co., April T., 1915, No. 16, on verdict for plaintiffs in case of Charles L. Gerg and Lizzie Gerg v. Pennsylvania Railroad Company. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HALL, J.

On the trial the court charged the jury, in part, as follows:

"A boy eleven years of age is not held to the same measure of care or responsibility that an adult man would be. The rule of law is that the measure of a child's responsibility is his capacity to see and appreciate danger. The rule is that in the absence or lack of clear evidence he will only be held to such a measure of discretion as is usual in those of his age and experience." (15); and

"But with a child of eleven years of age there is a presumption that he is not capable of seeing or appreciating danger. But this presumption is not irrebuttable, but the burden of rebutting it lies upon the defendant. In considering this branch of the case you will take into consideration the child's age, the evidence as to his intelligence, and decide." (16)

Further facts appear by the opinion of the Supreme Court.

Verdict for plaintiffs for $3,513.25 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence and the charge to the jury (15 and 16).

*John G. Whitmore,* for appellant.—The court erred in admitting evidence as to the crossing bell ringing at times prior to the date of the accident.

The court erred in admitting evidence as to the speed of the train over a guarded crossing: Custer v. Balto. & Ohio R. R. Co., 206 Pa. 529; Mouer v. Cumberland Valley R. R. Co., 231 Pa. 638.

The charge was inadequate on the question of the contributory negligence of the deceased: Greenwood v. Philadelphia., Wilm. & Balto. R. R. Co., 124 Pa. 572; Ihrig v. Erie Railroad Co., 210 Pa. 98; Robertson v. Penna. R. R. Co., 180 Pa. 43; Bracken v. Penna. R. R. Co., 32 Pa. Superior Ct. 22; Reading & Columbia R. R. Co. v. Ritchie, et al., 102 Pa. 425.

*Max L. Mitchell,* with him *J. Fred McFarlin,* for appellee.—Evidence of the speed of the train was properly admitted: Dugan v. Arthurs, 230 Pa. 299; Crane v. Pennsylvania R. R. Co., 218 Pa. 560; Reading & Columbia R. R. Co. v. Ritchie, 102 Pa. 425; Del., Lack. & Western R. R. Co. v. Smith, 1 Walker (Pa.) 88; Penna. R. R. Co. v. Lewis, et ux., 79 Pa. 33; McGuigan v. Penna. R. R. Co., 224 Pa. 594.

The charge was correct on the question of deceased's contributory negligence: Ayres v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co., 201 Pa. 124; McCarthy v. Philadelphia & Reading Ry. Co., 211 Pa. 193.

OPINION BY MR. JUSTICE MESTREZAT, July 1, 1916:

This is an action of trespass to recover damages for

the death of plaintiffs' minor son resulting, as alleged, from the negligence of the defendant in operating one of its trains over a grade crossing at Main street, Ridgway, Pennsylvania. We have carefully examined the questions raised by the several assignments, and fail to discover reversible error on the trial of the cause. The case was submitted to the jury in a charge which, as a whole, was correct and entirely adequate, and to which the appellant can have no just cause of complaint. The negligence of the defendant and the boy's contributory negligence were questions for the jury, and to have given binding instructions for the defendant on either question would have been error.

The evidence as to the speed of the train was properly admitted, at least for the purpose for which it was offered. We have held in several cases that it is the duty of a railroad company when its track crosses a much traveled street or highway to give some sufficient notice of a train's approach and to moderate the speed of the train to such a rate as, under the circumstances, is reasonably consistent with public safety. Here, however, the testimony was not offered to establish the negligence of the defendant by showing that the train was running at a high rate of speed, but "as bearing upon the lack of judgment which may have been used by the watchman in notifying people when a train was coming at that speed." The plaintiffs rely for their cause of action on the negligence of the watchman guarding the crossing in signaling or notifying the boy and other persons to pass the crossing. The testimony introduced to prove the speed at which the train was running, the distance of the train from the crossing, and similar matters showing the conditions or circumstances at the time the watchman gave the signal to cross was clearly competent as bearing on the question of the watchman's negligence. The duty of the watchman required him to know the situation as to safety at the crossing, and parties desiring to cross the track might assume and act on such

knowledge, they, however, exercising proper vigilance for their safety, under the circumstances. For his negligence, his employer would be responsible to the injured party. In McGuigan v. Penna. R. R. Co., 224 Pa. 594, 596, where the watchman signaled a trolley car to cross the tracks of a railroad, we said: "To signal for a street car to cross, when there was not ample time for it to do so before the oil cars would be backed on the crossing, was ground for the inference of negligence. In determining whether there was time for it to cross, the speed of the approaching train and the probability of the car's being accidentally delayed were to be taken into consideration."

It was not error to admit testimony showing that the electric bell at the crossing rang when trains were within a radius of 2,500 feet, the trackage covered by the bell, whether they were about to pass the crossing, were standing still, or were going in an opposite direction. The purpose of the testimony, as disclosed by the offer, was to show that the bell did not give certain and adequate warnings of the crossing of the street by railroad trains; that it rang when trains were not crossing or about to cross the street, and hence the traveling public could not depend upon it to show when it was safe or unsafe to cross. The testimony tended clearly to negative the inference that the boy did not use proper vigilance and was negligent in attempting to pass the crossing while the bell was ringing. As said by the learned trial judge, in the opinion discharging the rule for a new trial, it was a question for the jury whether, in view of the fact that the bell rang frequently and for long periods of time when no train was approaching the crossing, the boy would not be justified in disregarding it in the face of the watchman's express invitation to cross, on the assumption that the watchman, who was in a position to see and inspect the approaches to the crossing, knew that no train was approaching notwithstanding the ringing of the bell.

In discussing in the charge the conduct of the watchman and the defendant's negligence, the court said: "The real point in the case, and the vital one, is the question as to whether or not the boy was notified to cross the track by the watchman in charge. The watchman says he did not see the boy and saw only Dickinson when he gave the signal to come ahead. But that is immaterial. The question is did the boy see him? The watchman's duty there was either to warn people not to cross or to signal them to cross; and if the watchman went out and made a signal to cross, as he admits he did, that was an invitation to everybody who was present within a reasonable distance waiting or desiring to cross that track, and should not confine the meaning of his signal to any one individual whether he saw anyone else or not. If you believe that the watchman gave that signal and that the boy saw it, and in consequence of the signal undertook to cross the track and that the train was so close at the time the signal was given that it was impossible for the boy to get across without being struck by the train, that would be a negligent act on the part of the watchman, and the watchman being an agent of the defendant, his negligence would be imputed to the defendant company itself. Now, gentlemen, I hope I have made clear to you the question I have submitted to you: Did the child see the invitation of the watchman at the crossing to cross it, and did he understand it to mean for him as well as for Mr. Dickinson, and, in answer to that signal did he attempt to cross, and in attempting to do so did he meet his death unavoidably, or was he of sufficient capacity to see and appreciate the danger, and having seen and appreciated it could he have avoided it?" This was a fair and adequate submission of the question of the defendant's negligence to the jury. Whether the company was negligent or not depended entirely upon the conduct of the watchman, and what he did on the occasion was clearly for the jury and

not, as suggested by the appellant, for the court to declare as a matter of law.

The contributory negligence of the boy was also for the jury, and was submitted in a manner which guarded well the defendant's rights in the premises. The language of a part of the charge on this branch of the case, embraced in the fourteenth assignment, standing alone might be objectionable, but as qualified in other parts of the charge would not offend the rule that it was the duty of the boy to exercise vigilance to secure his safety while attempting to make the crossing after the signal had been given by the watchman that it was clear and persons could pass without danger. At the time the signal was given, the boy was facing west and standing on one foot in the act of mounting his bicycle, on the south side of Main street, from thirty to fifty feet from the crossing, as Mr. Dickinson immediately in front of him proceeded towards it. The boy was in a position where he could see the signal to cross given by the watchman. He attempted to cross immediately after the signal was given. In this connection, the learned judge said in his charge: "Of course, notwithstanding the absence of that obligation, if the boy did see the train in time to stop and could have stopped, and yet recklessly went on, and got killed through his own fault, that would present an entirely different question for you to consider." The charge as a whole on this branch of the case is within the doctrine announced in Ayers v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co., 201 Pa. 124; McCarthy v. Philadelphia & Reading Ry. Co., 211 Pa. 193, and cognate cases.

The fifteenth and sixteenth assignments of error cannot be sustained. The parts of the charge embraced in those assignments correctly state the measure of an infant's responsibility for his acts: Kelly v. Pittsburgh & Birmingham Traction Co., 204 Pa. 623; DiMeglio v. Philadelphia & Reading Ry. Co., 252 Pa. 391.

The judgment is affirmed.