## Johnson *v.* Director General of Railroads, Appellant.

*Negligence—Railroads—Crossings—Evidence — Weather conditions—Pleadings—Contributory negligence—Safety gates—Invitation of watchman to cross.*

1. In a grade crossing accident case, where it is alleged that plaintiff could have seen an approaching train if he had looked, he may, in order to relieve himself of the charge of contributory; negligence, show that the night was dark and foggy, and this is so although weather conditions are not set up in the pleadings.

2. Plaintiff is not obliged to disprove contributory negligence, but merely to make out his case clear of such fault on his part.

3. Where safety gates are open and the watchman invites a driver to cross, the latter is not relieved from the duty of reasonable care in passing over the tracks.

4. The fact that safety gates are open and the watchman gives an invitation to cross, is for the consideration of the jury in determining whether a driver, in making the crossing, has exercised proper care under the circumstances.

5. It seems that the opening of the gates constituted an intimation that the tracks were free of approaching trains and implied an invitation to plaintiff to proceed.

*Negligence—Damages—Verdict—Excessive verdict.*

6. In an accident case a verdict of $6,000 will not be set aside as excessive, where it appears that plaintiff had earned $25 per week

before the accident, that he had been obliged to give up his regular work and accept a position for much smaller wages, that even this work was interrupted by dizziness, and that he had spells of epilepsy of a permanent character caused by the injury.

Argued October 9, 1923. Appeal, No. 27, Oct. T., 1923, by defendant, from judgment of C. P. Allegheny Co., July T., 1919, No. 24, on verdict for plaintiff, in case of John Johnson v. Director General of Railroads. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before DOUGLASS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $10,627.94, on which judgment was entered for $6,000, all above that amount having been remitted. Defendant appealed.

*Error assigned* was, inter alia, (1) refusal of judgment for defendant, n. o. v. and (2) refusal of new trial, quoting record.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.—Open gates at a railroad crossing are evidence of negligence on part of railroad company, but the fact that they are open, does not relieve one about to cross the tracks from his duty to stop, look and listen: Greenwood v. P. W. & B. R. Co., 124 Pa. 572; Lake S. & M. S. R. R. Co. v. Frantz, 127 Pa. 297; Earle v. Ry., 248 Pa. 193; Carroll v. R. R., 12 W. N. C. 348; Keller v. Director General, 269 Pa. 69.

The size of the verdict is too high and so high as to entitle defendant to a new trial.

*C. J. Tannehill,* with him *Rody P. & Meredith R. Marshall,* for appellee, cited: McCarthy v. R. R., 211 Pa. 193; Green v. Brooks, 215 Pa. 492; Sgier v. Ry., 260 Pa. 343; Witmer v. R. R., 241 Pa. 112; Messenger v. R. R., 215 Pa. 497; Kitchen v. R. R., 232 Pa. 603; McGuigan v.

R. R., 224 Pa. 594; Guthrie v. R. R., 222 Pa. 366; Ayers v. Ry., 201 Pa. 124; Coleman v. R. R., 195 Pa. 485; Gerg v. R. R., 254 Pa. 316; Muscarella v. R. R., 265 Pa. 120; Waltosh v. R. R., 259 Pa. 372; Shaffer v. R. R., 258 Pa. 288; Thomas v. R. R., 275 Pa. 579; Clinger v. R. R., 271 Pa. 88; Hamilton v. R. R., 252 Pa. 615; Siever v. Ry., 252 Pa. 1.

OPINION BY MR. JUSTICE FRAZER, January 7, 1924:

On February 18, 1919, between four and five o'clock in the morning, plaintiff, while driving a two-ton laundry truck along the public highway near Pittsburgh, on approaching a grade crossing over defendant's tracks, found the safety gates down. He stopped, looked and listened and, while waiting, the gates were raised and a voice, which seemed to come from the tower, said "Go ahead." There were four railroad tracks at the crossing. He passed over three in safety and was struck on the fourth by an express train running at the rate of fifty miles an hour. Plaintiff testified he looked in both directions before entering on the crossing and continued to look as he passed over the tracks, but did not see the train until it hit him. The case was submitted to the jury and a verdict rendered in plaintiff's favor for $10,-627.94, which was subsequently reduced by plaintiff filing a remittitur as to all in excess of $6,000. Judgment was entered for the reduced amount and defendant appealed.

Defendant contends plaintiff was chargeable with contributory negligence in failing to see the approaching train. It is undisputed that the track was straight for a distance of at least one-half mile and nothing but darkness obstructed a view of the approaching train. Plaintiff testified the engine was without a headlight and no warning given of its approach. It is argued, however, he was negligent in failing to see what must have been plainly visible. The excuse given for failing to observe the train was that darkness and foggy atmosphere,

prevailing at the time, limited his view to not over seventy-five feet. The testimony as to a foggy condition of the atmosphere was stricken from the record by the trial judge for the reason that weather conditions were not set up in the pleadings. This ruling was erroneous. Plaintiff was not obliged to disprove contributory negligence but merely make out his case clear of such fault on his part. A description of the physical conditions of the crossing revealed a view of the tracks for more than half a mile. The natural inference of this indicates negligence on the part of plaintiff in failing to see the oncoming train. To rebut this inference, evidence that his view was obstructed by fog was competent. A further discussion of this question is, however, unnecessary inasmuch as the jury found for plaintiff, notwithstanding the action of the court below in striking the testimony referred to from the record.

We also have the further circumstance that the safety gates, which were down at the time plaintiff approached the tracks, were raised while his truck was stopped and he invited to cross. Although plaintiff was not thereby relieved from the duty to observe reasonable care, the opening of the gates constituted an intimation that the tracks were free of approaching trains and implied an invitation to plaintiff to proceed. While he was bound to use reasonable precaution for his safety in passing over the tracks, the raising of the gates was a fact for consideration of the jury in determining whether he exercised proper care under the circumstances: Messinger v. R. R., 215 Pa. 497; Guthrie v. R. R., 222 Pa. 366. It was the duty of the watchman to know conditions at the crossing and the probable time of arrival of trains and, further, his position in the tower afforded him a better opportunity for observation than was offered the traveler on the highway. The latter, consequently, had the right to assume no immediate danger existed and accept the invitation to cross impliedly extended by raising the gates and expressly extended by

the watchman; at the same time, however, performing his duty to take reasonable precaution for his safety: Gerg v. P. R. R., 254 Pa. 316.

Defendant also contended the verdict as reduced by the court below was excessive. Previous to the accident plaintiff worked as a driver of a laundry truck earning $25 a week. He lost twelve weeks' time as a result of the injury and, owing to his physical condition subsequent to the accident, has been unable to work continuously. He was obliged to discontinue his regular vocation owing to impaired health and has since worked at various places and occupations, all of which he was obliged to give up until finally obtaining the less laborious position of night watchman at a salary considerably less than he earned at his former employment. The evidence is that since the accident he has been unable to work during a portion of each week owing to attacks of dizziness and that these spells come on generally at times when his work required extra exertion. His physician diagnosed these spells as slight attacks of epilepsy directly caused by the injury to his head and, in his opinion, the condition is of a permanent nature. Under the circumstances the verdict of $6,000 is not excessive.

The judgment is affirmed.