GEIER, Administratrix, Appellant, vs. SCANDRETT and others, Respondents.

*December 2, 1940—January 7, 1941.*

For the appellant there was a brief by *Schanen & Linley,* attorneys, and *Victor Linley* of counsel, all of Port Washington, and oral argument by *Mr. Walter D. Corrigan, Sr.,* of Milwaukee, *Mr. Linley,* and *Mr. Arthur Wickham* of Milwaukee.

For the respondents there was a brief by *Bender, Trump & McIntyre* of Milwaukee, and oral argument by *Rodger M. Trump.*

WICKHEM, J.   On March 14, 1937, at about 7:30 in the evening, Charles Geier, twenty-four years of age, who was plaintiff's son, was driving his automobile south on Highway 57 between the city of Cedarburg and the village of Thiensville. The main line of defendants' railroad intersects the highway diagonally about three miles south of Cedarburg, the railroad running in a southwesterly-northeasterly direction.   A short distance south of the crossing, Highway 57 curves to the west and then to the east around a hill known as the Fox Farm hill. As it proceeds north out of Thiensville, the railroad right of way parallels Highway 57, makes the same curve around the Fox Farm hill, and continues to the northwest to intersect Highway 57 at an angle of about forty-five degrees.   The curve of the railroad right of way straightens out at a distance of seven hundred ninety-two feet from the intersection.   The train was proceeding in a northwest direction.   The pilot of the engine struck the automobile, throwing the body of plaintiff's intestate into the ditch where he died within a few minutes without regaining consciousness.   The jury found that the whistle was not blown or the bell rung prior to the accident.   There is no motion to review the order of the trial court refusing to change these answers, but defendants contend, nevertheless, that the findings of negligence on the part of defendants are unsupported because of the negative character of all the evidence offered in support of them.

Plaintiff contends that a jury question was presented whether the total causal negligence of plaintiff's intestate was greater than twenty-five per cent of the total negligence involved. In support of this, plaintiff asserts that the evening was dark and cloudy; that there was enough snow falling to require that the windshield wipers be in operation; that there was evidence that decedent was not familiar with the highway; that there was no light or bell at the crossing, but an ordinary cross-track warning close to the tracks; that an apple orchard close to the crossing tended to obscure the view to the south; that the visibility was poor, as evidenced by the fact that the fireman made an observation just before the engine crossed the intersection and did not observe the automobile. The balance of plaintiff's argument is to the effect that even if decedent had seen the headlight of the train, he might easily assume, due to the curve in the track, that it was another car coming along the curve on Highway 57, or that if it was a train, it was on a track which paralleled the highway. Defendants' reply to this is that the track was straight for nearly eight hundred feet as the train approached the highway and that plaintiff's intestate could not have been unaware of the fact that this train was approaching and not paralleling the highway because the angle of intersection was not sufficiently acute to warrant that conclusion. The fact that the train was approaching at an angle of forty-five degrees rather than at right angles would warrant a finding that plaintiff's intestate should have seen its lights if he had made a proper observation, and that there was ample opportunity to avoid the accident had he driven at a proper rate of speed or properly managed his car. The jury could have found the orchard not to have been a substantial obstruction to the view, and it is evident that the track was fully visible and the train in full view when decedent was within one hundred feet of the crossing. The more serious question is whether as a matter of law this negligence was greater than that of defendants in failing to take proper means to warn traffic on the highway of the ap-

proach of the train. Under all the circumstances we cannot say as a matter of law that it was or that the percentages fixed by the jury find no support in the record. We have heretofore indicated that the evidence warrants a finding that plaintiff's intestate was negligent in some respect in approaching the crossing. Due to the absence of any eyewitness as to what decedent actually did, this conclusion must rest solely upon inferences from the physical facts and must be general and alternative in character. That is to say, plaintiff's intestate either did not make an adequate observation or, if he did, was going at such a speed or managed his car in such a manner that he was unable to take effective steps for his safety. Which of these was the actual situation we cannot say and the jury did not find, the question concerning contributory negligence being general. Under these conditions, it is especially difficult for this court to find a yardstick to measure the respective negligences and quite impossible to do so unless we can say that each of the defaults of plaintiff's intestate, which the jury might have found, constitutes as a matter of law greater negligence than that found against defendants. This we cannot do. The weather conditions, unfamiliarity with the highway and crossing, the curve of the right of way, the obstructions to a clear view until the last one hundred feet before the crossing, are among the considerations which, while not militating against the reasonableness of a finding of negligence on the part of decedent, nevertheless have a legitimate bearing upon the quality of his negligence in relation to that of defendants. In view of this and of the further fact that the burden of establishing both the fact of decedent's negligence and the fact that it was greater than that of defendant is upon the defendant, we are of the view that the trial court was in error in holding as a matter of law that the negligence of decedent was greater than that of defendants. See *Gauthier v. Carbonneau,* 226 Wis. 527, 277 N. W. 135.

Defendants next contend with a considerable degree of persuasion that the evidence that no bell was rung or whistle

sounded was wholly negative in character and raises no jury issue. We do not reach the merits of this contention because defendant has not filed a motion to review the ruling of the trial court denying its motion to change from "Yes" to "No" answers to questions of the verdict dealing with defendants' negligence. The correctness of this ruling against defendants is not before this court in the absence of a motion to review as required by sec. 274.12, Stats. *Noll v. Nugent,* 214 Wis. 204, 252 N. W. 574; *Kaczmarski v. F. Rosenberg Elevator Co.* 216 Wis. 553, 257 N. W. 598; *Hayes v. Roffers,* 217 Wis. 252, 258 N. W. 785. Compare *Koetting v. Conroy,* 223 Wis. 550, 270 N. W. 625, 271 N. W. 369, where it is held that a respondent without motion to review may urge in support of a ruling in his favor a ground which the trial court did not consider or pass upon.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for the plaintiff upon the verdict.