HOFFMANN, Appellant, vs. KRAUSE and others, Respondents.

*October 15—November 20, 1945.*

566

For the appellant there was a brief by *Winter & Koehler* of Shawano, and oral argument by *P. J. Winter*.

For the respondents there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein*.

FAIRCHILD, J.   A directed verdict in favor of defendants was a correct ruling in this case.   As a matter of law, no proximate causal connection is shown between the negligence, if any, of the defendants in parking their cars as they did, and the damage to the plaintiff's automobile.   The evidence most favorable to plaintiff reveals that the intervening acts of plaintiff in failing to control his car were the sole cause of the accident.   His testimony is that he saw the two parked vehicles when approximately three hundred feet away.   He then applied his brakes and skidded off the highway.   But

he, at no time, came closer than two hundred fifty feet to the parked truck or automobile. There was no collision or contact between his car and the truck. While at the top of the hill he was given a warning signal of danger by a man standing near the disabled truck. This afforded plenty of space to stop a car driven at a reasonable rate of speed. It is true that the road was icy but that condition was known to plaintiff and placed upon him a duty to give consideration to that fact and proceed accordingly. It is a well-known physical fact that cars may skid on slippery roads if not properly handled. The skidding results in partial or complete loss of control. The circumstances present may or may not imply negligence, but the result may not be charged to another who gave timely warning and who, as to the question of cause, cannot be required in reasonable anticipation to foresee that another, coming over the hill on an icy surface would drive so as to be unable to stop in three hundred feet. Had plaintiff been able to manage and control his car as he should under the circumstances, he would have been as likely to pass the parked truck in safety as the car preceding him.

The facts in this case are analogous to the situation in *Albrecht v. Waterloo Const. Co.* (1934) 218 Iowa, 1205, 257 N. W. 183, where a truck stopped on a highway was visible to approaching motorists from both directions for distances of over two hundred fifty feet and was perceived by plaintiff at over two hundred feet. Although the court indicated that there might not be negligence in the manner of parking, it held that in any event, since the truck was seen in plenty of time to stop, the parking was not a proximate cause of the accident. See also *Mounts v. Tzugares* (1935), 9 Cal. App. (2d) 327, 49 Pac. (2d) 883; *Suter's Adm'r v. Kentucky Power & Light Co.* (1934) 256 Ky. 356, 76 S. W. (2d) 29; *Powers v. S. Sternberg & Co.* (1938) 213 N. C. 41, 195 S. E. 88; *Simon v. Dixie Greyhound Lines* (1937), 179 Miss. 568, 176 So. 160.

Under the circumstances, the parking of the defendants' vehicles was too remote to be a cause of the plaintiff's skidding upon which to predicate any liability on the part of the defendants.

*By the Court.*—Judgment affirmed.