PARGETER, Appellant, vs. CHICAGO & NORTH WESTERN RAILWAY COMPANY, Respondent.*

*May 7—June 2, 1953.*

---

* Motion for rehearing denied, without costs, on September 11, 1953.

For the appellant there was a brief by *Hugh F. Oldenburg,* attorney, and *Thomas H. Lucas* of counsel, both of Madison, and oral argument by *Mr. Oldenburg.*

For the respondent there was a brief by *E. H. Borgelt, Edmund W. Powell,* and *W. J. Roper,* all of Milwaukee, and oral argument by *Mr. Roper.*

GEHL, J. Our conclusion that the court erred in finding as a matter of law that plaintiff was guilty of negligence in

failing to stop before entering the crossing makes it unnecessary to recite more than we have of the facts.

Sec. 85.92 (1), Stats., provides as follows:

"(1) No operator of a vehicle shall drive on or across a grade crossing with the main-line tracks of any railroad or interurban railroad while any peace officer or railroad employee signals to stop; or while any warning device signals to stop, except that in the latter case if after stop and investigation he finds that no train or car is approaching he may proceed. The provisions of this section do not apply to crossings with interurban railroad tracks which are laid on or along public streets within the corporate limits of any incorporated city or village."

Defendant contends that, regardless of the fact that a motorist may be invited by one of the railroad company's employees to proceed, the statute places an absolute duty upon him to stop and investigate before he proceeds.

The rule stated in the statute resembles that which has been generally referred to as the "Pennsylvania rule"—that a traveler about to cross a railroad track on the highway must stop, as well as look and listen, and if he fails to do so he is guilty of negligence as a matter of law barring recovery if he comes in contact with a moving train.

Our statute which requires that the traveler stop only when a peace officer, a railroad employee, or a warning device signals to stop imposes no greater duty upon him than does the Pennsylvania rule which requires him to stop under all circumstances.

The Pennsylvania court has relaxed its basic rule, however, and has held that if it appears that a watchman at the crossing has given a direction to the traveler to proceed, and upon which the driver depends and acts, the question of the care of the driver is for the jury. *Ayers v. Pittsburg, C., C. & St. L. R. Co.* (1902), 201 Pa. 124, 50 Atl. 958; *Gerg v. Pennsylvania R. Co.* (1916), 254 Pa. 316, 98 Atl. 960; *Hoffman v. Pittsburgh & L. E. R. Co.* (1923), 278 Pa. 246,

122 Atl. 274; *Johnson v. Director General of Railroads* (1924), 278 Pa. 491, 123 Atl. 484. We agree with the reasoning and the conclusion of the court in those cases. The plaintiff had the assurance of the defendant's employee that there was no train approaching within such distance as to threaten his safety in crossing the tracks. The flagman was in better position than he to ascertain and know the fact. True, the movement of the warning device gave notice of the presence of the train; but plaintiff, when he was given the signal by the flagman to proceed, might properly have assumed, for instance, that the train had stopped or was about to stop at a short distance from the crossing and that therefore he might go on with safety. *Lynch v. Chicago, M., St. P. & P. R. Co.* (1932), 207 Wis. 111, 240 N. W. 794. In view of these considerations we cannot say that the question of his negligence was a question of law. It was for the jury to determine whether under the circumstances the plaintiff did all that a reasonably prudent man could be expected to do.

Defendant contends with some force that the evidence does not support the jury's finding that its employee invited plaintiff across the track. Defendant's only motion after verdict was for judgment dismissing the complaint. It made no motion to change the answer. At the close of the testimony it moved for a directed verdict. We may not consider this contention because defendant did not file a motion to review any of the rulings of the court, sec. 274.12, Stats.; *Noll v. Nugent* (1934), 214 Wis. 204, 252 N. W. 574; *Geier v. Scandrett* (1941), 236 Wis. 444, 295 N. W. 704.

We may not assume that the jury's determination of the percentage of negligence attributable to the respective parties would have been the same had they been permitted to answer the question as to plaintiff's failure to stop. There must therefore be a new trial.

*By the Court.*—Judgment reversed and cause remanded for a new trial.

The following opinion was filed September 11, 1953:

GEHL, J. (*on motion for rehearing*). Defendant has moved for a rehearing. It asserts correctly that we overlooked the provisions of sec. 274.12 (2), Stats., in refusing to review its contention that there is no evidence to support the jury's finding that the lantern signal given by the railway flagman constituted an invitation to the plaintiff to enter the crossing.

If its contention as to the insufficiency of the evidence is correct such determination would merely support the judgment appealed from, and under such circumstances it may have a review without serving notice thereof. What is said in our original opinion as to defendant's inability to have a review of the question is therefore withdrawn.

The answer of the jury to the question was necessarily to be based upon the testimony as to the manner in which the flagman swung the lantern as plaintiff entered the crossing. The oral testimony offered by plaintiff as to the manner in which the lantern was swung is not as clear and unmistakable in meaning as it might be. He and a witness produced by him, one Smith who followed him in another automobile, testified in substance, and for instance, that the flagman was waving the lantern crosswise "like this" (indicating), "he was making a motion like this" (indicating). "I could see the lantern going this way" (indicating). Upon cross-examination it was apparently sought to obtain from plaintiff a recordable description of the manner in which the lantern was swung. Again he attempted to give an oral description and described it further with a motion of his arm. The flagman testified that he waved the lantern across the street upon which plaintiff was traveling.

A jury may consider what occurs and what appears from its observation as well as the testimony given orally. *Knox v. Bigelow,* 15 Wis. *415. In *Hiller v. Johnson,* 162 Wis.

19, 154 N. W. 845, an action to recover damages for personal injuries, the plaintiff was permitted over objection to raise his arm up and down before the jury for the purpose of demonstrating that crepitation resulted, evidencing an injured or imperfect joint. The attention of the jury was called to certain sounds which appeared at the movement of the arm. Obviously, the sounds were unrecordable. This court held that the trial court did not err in permitting the demonstration, thus holding that it is proper for the jury to consider unrecordable demonstrations in arriving at a verdict.

We are unable to say from an examination of the record that the jury was not permitted to infer from the oral testimony and the manual descriptions that the action of the flagman constituted an invitation to the plaintiff to cross ahead of the train. It has not been established by the defendant that there is no credible evidence which, under any reasonable view, admits of inferences which might have been drawn by the jury in answering the question. We may not disturb the answer. *Kramer v. Chicago, M., St. P. & P. R. Co.* 226 Wis. 118, 276 N. W. 113.

*By the Court.*—Motion denied without costs.