NICKEL and others, Respondents, v. VOELKER and others, Appellants. [Two cases.]

*January 11—February 7, 1961.*

480

For the appellants there was a brief by *David P. Hartman* of Juneau and *John T. Howard* of Madison, and oral argument by *Mr. Hartman*.

For the respondents there was a brief and oral argument by *Ken Traeger* and *Clarence G. Traeger,* both of Gresham.

BROWN, J. It is obvious that the evidence sustains the findings that the respective drivers were negligent in the respects found by the jury. The appeal rests on the contention that Voelker's negligence was not a cause of the accident and, if that contention fails, Voelker's causal negligence did not exceed that of Mrs. Nickel. Appellants consider that this case is substantially similar to *Hoffmann v. Krause* (1945), 247 Wis. 565, 20 N. W. (2d) 546, where Hoffmann, driving

on an icy road and being confronted by two cars across his path 300 feet away, one of them disabled, put on his brakes, skidded off the road and into the bank where he sustained damage. In affirming the directed verdict we said (p. 569) :

"Under the circumstances, the parking of the defendants' vehicles was too remote to be a cause of the plaintiff's skidding upon which to predicate any liability on the part of the defendants."

While the *Krause Case* has similarities with the present one, as appellants submit, it also has divergencies which do not require a like result as a matter of law. In *Krause* the plaintiff saw the disabled car 300 feet away and saw a man at the car signaling to him. The *Krause* car was an obstruction and the presence of the signalman indicated that it would remain so. In the present case when Voelker came into sight of the Nickel car he was moving across the road. Instead of maintaining his course, Voelker first stopped and then backed up and then stopped again. Here the obstruction did not remain stationary. Unquestionably Mrs. Nickel was negligent and causally so, but Voelker's truck presented a situation quite different from that which obtained in the *Krause* accident. We consider that Voelker's vacillation, culminating in stopping across the roadway, supplies evidence upon which the jury might properly determine that stopping as he did was a cause of the accident.

Under these circumstances we think that the apportionment of causal negligence was for the determination of the jury. The jury appears to have considered the question carefully and placed a substantial part of it upon Mrs. Nickel. We are not disposed to say that her negligence equals or exceeds that of the driver of the dump truck.

*By the Court.*—Judgment affirmed.