STRAHLENDORF, by Guardian *ad litem,* and another, Appellants, v. WALGREEN COMPANY, Respondent.

*April 2—May 1, 1962.*

423

424

425

426

For the appellants there was a brief by *James D. Sammarco* and *Kersten & McKinnon,* attorneys, and *E. Campion Kersten* of counsel, all of Milwaukee, and oral argument by *E. Campion Kersten* and *Arlo A. McKinnon.*

For the respondent there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Kurt H. Frauen* and *Donald R. Peterson* of counsel, all of Milwaukee, and oral argument by *Mr. Frauen.*

CURRIE, J.   We are confronted with the following questions on this appeal:

(1) Was the found negligence of defendant causal as a matter of law?

(2) Did the trial court err in failing to give a requested instruction on intervening cause?

(3) Should any issue of defendant's negligence have been submitted to the jury?

(4) Did the trial court err in directing a verdict with respect to the cause of action for breach of implied warranty?

(5) Were the damages determined by the jury for the injury sustained by plaintiff child so inadequate as to require a new trial?

### Causation Determination.

Plaintiffs contend that the jury's answer of "No" to the second question of the verdict should have been changed to "Yes." This contention is predicated on the premise that the found negligence of defendant was causal as a matter of law.

The complaint charges two grounds of negligence against defendant. The first alleged ground of negligence was the sale by defendant of an inherently dangerous instrumentality. The second was the failure of defendant to place a proper warning on the instruction card cautioning purchasers and users of the inherent danger of using the plane for the purpose intended. An examination of the trial court's instructions to the jury, given with respect to the first question of the verdict, discloses that both of these alleged grounds of negligence were to be considered by the jury in answering this question. Therefore, it is impossible to tell from the jury's affirmative answer to this first question whether they found defendant negligent in both respects, or only as to one of the two alleged grounds.

It is an entirely logical hypothesis that the jury could have concluded that it was not negligent for defendant to have sold the toy plane, but that it was negligent in failing to place a proper warning on the accompanying instruction card on which the plane was mounted. However, plaintiff Harry V. Strahlendorf, father of Butchie and Karen, testified that as a result of testing two of the three planes he became aware of the fact that they were dangerous and that the remaining third plane should not be intrusted to Butchie. This is why he hid the plane from Butchie. From this, the jury reasonably could have determined that the lack of a proper warning on the instruction card was not a substantial factor in causing the accident to Karen because the father had already been alerted to any danger such printed warning might have accomplished. This reasoning would justify the jury's finding that defendant's failure to warn was not causal.

However, even if the jury's affirmative answer to the first question was not based on a failure to warn but upon some dangerous propensity of the toy plane, it does not follow that such found negligence was causal as a matter of law. One

of the dangerous propensities charged by plaintiffs was that the plane was so small and might be propelled at such great speed that it was practically invisible when traveling a distance of several hundred feet. If the jury had based its "Yes" answer to the first question on this dangerous propensity, it could well have concluded that this was not a substantial factor in causing Karen's injury in a situation where the plane only traveled five feet from Butchie's hands to Karen's eye.

The causation issue with respect to the found negligence on the part of defendant presented an issue of fact for the jury to determine, and the trial court was correct in refusing to disturb its finding.

### Failure to Instruct on Intervening Cause.

Plaintiffs maintain that the trial court committed prejudicial error in failing to give the following requested instruction to the jury:

"If you answer the first question 'Yes' [negligence question], then in considering your answer to the second question, whether the negligence of the Walgreen Company in selling the toy jet plane was a cause of the injury sustained by the child, Karen Strahlendorf, you are instructed that if the conduct of the grandmother in buying the plane and the subsequent conduct of the son and grandson in regard to the use of the toy jet plane *ought reasonably to have been anticipated* by the Walgreen Company *as not entirely improbable,* then you are not to regard the conduct of the grandmother, son, and grandson as breaking any causal connection you may find to have existed between the negligence of Walgreen Company and the injury to the child, Karen Strahlendorf." (Emphasis supplied.)

The emphasized words clearly interject the element of foreseeability into the jury's determination on the issue of causation. This court is definitely committed to the principle that, while foreseeability is an element to be considered by

the jury in determining negligence, it has no part in the jury's decision of whether particular negligence found by it is causal. *Pfeifer v. Standard Gateway Theater* (1952), 262 Wis. 229, 234, 55 N. W. (2d) 29, and *Osborne v. Montgomery* (1931), 203 Wis. 223, 242, 234 N. W. 372.

With respect to the causation question, the trial court instructed the jury as follows:

"The inquiry presented by this question is whether the relation of cause and effect existed between negligence, or failure to exercise ordinary care, if found by you, and the accident. There may be more than one cause of an accident. The negligence of one person alone may cause it, or the negligent acts or omissions of two or more persons may jointly cause it as the word 'cause' is used in this question. Before such relation of cause and effect can be found to exist, however, it must appear that the negligence, or failure to exercise ordinary care, under consideration was a substantial factor in producing the accident, that is to say, that it was a factor actually operating and which had a substantial effect in producing the accident as a natural result."

This instruction is substantially that embodied in Wis J I—Civil, Part I, 1500. Plaintiffs contend that this instruction did not sufficiently inform the jury on the effect of intervening or concurring negligence. However, the instruction given did inform the jury that there can be more than one cause of an accident and that the negligence of two or more persons may jointly cause it, but that it must appear that the negligence under consideration was a substantial factor in producing the accident. The fallacy in plaintiffs' contention is the implicit assumption that the question of intervening cause is for the jury. This court clarified the law on this point in *Ryan v. Cameron* (1955), 270 Wis. 325, 331, 71 N. W. (2d) 408, when it stated:

"Where intervening cause of another is interposed as a defense by a defendant charged with negligence who was the

first actor, the jury is first required to find whether the found negligence of such first actor was a substantial factor in causing the accident on which liability is sought to be predicated. *Pfeifer v. Standard Gateway Theater* (1952), 262 Wis. 229, 55 N. W. (2d) 29. If the jury does find that the negligence of the first actor was a substantial factor in causing the accident, then the defense of intervening cause is unavailing unless the court determines as a matter of law that there are policy factors which should relieve the first actor from liability. Ibid. As Professor Richard V. Campbell points out in his recent article in January, 1955 Wisconsin Law Review, 5, at page 40, it is at this point that the principles of Restatement, 2 Torts, p. 1196, sec. 447, should be used by the court as an aid in deciding such policy factors."

This court adopted the principles of intervening cause set forth in Restatement, 2 Torts, p. 1196, sec. 447, in *McFee v. Harker* (1952), 261 Wis. 213, 219, 52 N. W. (2d) 381. This section of the Restatement provides that an intervening negligent act of a third person shall not be a superseding cause of harm to another, which the first actor's negligent conduct was a substantial factor in bringing about, if any one of three specified fact situations occur. The first of these, which is set forth in par. (a) of sec. 447, is where "the [first] actor at the time of his negligent conduct should have realized that a third person might so act." However, under our holding in *Ryan v. Cameron, supra,* it is the function of the court and not the jury to make the determination of whether the first actor, who has been found guilty of negligence, should have realized that some third person might act in the way that he did to help cause harm to another. As applied to the instant facts, the question would be whether defendant, in selling the toy plane, should have realized that Karen's grandmother, father, and little brother might act as they did. However, as a condition precedent to the trial court's being required to pass on this question, it would have been necessary for the jury to have determined that the de-

fendant's found negligence was causal. The jury has found that it was not.

From the foregoing, it is apparent that the trial court did not err in refusing to give the instruction on intervening cause which plaintiffs requested.

Situations may arise in other cases in connection with an issue of superseding intervening cause, which will necessitate a jury determination of some disputed issue of material fact. However, once the jury has found the facts, it is for the court to determine whether the intervening cause is a superseding one which relieves the first actor from liability even though he has been found causally negligent.

### Should Verdict Have Been Directed on Issue of Defendant's Negligence?

Defendant contends that it was free of negligence as a matter of law, and, therefore, that the trial court should have directed a verdict in its favor on the cause of action grounded on negligence as well as that based on alleged breach of implied warranty. Defendant is entitled to here raise this issue without filing a motion for review even though the trial court on motions after verdict did not change the jury's "Yes" answer to the first question of the verdict to "No." This is because such a change in the verdict would merely further tend to support the judgment. See sec. 274.12 (2), Stats., and *Pargeter v. Chicago & N. W. R. Co.* (1953), 264 Wis. 250, 253a, 58 N. W. (2d) 674, 60 N. W. (2d) 81. Even though the trial court did not change the jury's answer to the first question of the verdict, the memorandum opinion makes it clear that the court deemed defendant free of negligence as a matter of law.

Because of our conclusion that the jury's answer to the causation question must stand, it would be unnecessary to pass on this contention of defendant. However, we are fearful that a failure to pass on the negligence issue might here-

after be interpreted as an approval *sub silentio* that the mere selling by defendant of this small plastic toy presented a jury issue with respect to its alleged negligence in so doing. We are satisfied that, if there was any negligence on defendant's part, it was in failing to place a proper warning on the instruction card of the dangerous propensities of the plane.

There is no claim made here that defendant was the manufacturer of the plane. However, a retailer of a manufactured product, who is not the manufacturer, may render himself liable at common law for failure to warn of harmful propensities by label. *Howard Stores Corp. v. Pope* (1956), 1 N. Y. (2d) 110, 134 N. E. (2d) 63; *Farley v. Edward E. Tower Co.* (1930), 271 Mass. 230, 171 N. E. 639, 86 A. L. R. 941; 1 Frumer and Friedman, Products Liability, p. 457, sec. 18.02. In order to find negligence on a retailer for failure to warn, it is essential that the retailer have actual or constructive notice of the dangerous propensities of the article sold. The instant briefs do not discuss this aspect, nor do they cite authorities bearing thereon. Therefore, we expressly refrain from deciding whether the evidence adduced in the instant case was sufficient to warrant submission to the jury of the issue of defendant's negligence for failure to warn. But even if defendant was negligent in this respect, the jury has determined that such negligence was not causal.

We turn now to the alleged negligence of defendant in selling an article claimed to be inherently dangerous. Plaintiffs lay great stress upon the testimony of their expert witness, Harkness. Harkness is assistant chief engineer at the Briggs & Stratton Corporation plant in Milwaukee and has studied and worked in the field of fluid mechanics and aerodynamics. He performed various experiments with a toy jet plane identical with the one which injured Karen.

Harkness testified that the plane was constructed of a thermoplastic material, and consequently was not of stable construction. Variations in shape of the plane gave rise to

variability in flight. When the rubber band was pulled back a distance of 14 inches from the launching stick, the plane traveled at a speed of 33 feet per second or 22½ miles per hour. A 14-inch extension of the rubber band was approximately the distance which Butchie had used in launching the plane which injured Karen. Harkness also testified that if the rubber band were extended a distance of 30 inches the plane was capable of a velocity of 133 feet per second, which is 91 miles per hour. He performed tests by aiming one of the planes at the center of a four-foot-square paper target. The results of these tests were: At a distance of six feet with a 14-inch stretch, the first impact was six inches below target; the second was one inch below target; the third was nine inches above target and five and one-half inches to the right; the fourth was 10 inches to the right on a level with the target; the fifth was 11½ inches to the right and five and one-half inches low. In none of the tests did the plane do any loops.

Plaintiff Harry V. Strahlendorf testified that in his experimenting with two of the planes they did no looping or gliding. He stated that he was amazed at the speed and great distance that they flew. Thus, essentially the claimed dangerous propensities of these toy planes were their great speed and the fact that it was impossible to aim them with any accuracy because of their erratic and unpredictable course of flight.

Many years ago in *Harris v. Cameron* (1892), 81 Wis. 239, 51 N. W. 437, this court pointed out that many articles sold as toys and playthings for children may be converted into dangerous instrumentalities by improper use. Among the articles mentioned were air guns, bows and arrows, pocketknives, and baseball bats. The mere fact that a child is injured by the improper use of such a toy should not render the retailer who sold it liable in negligence. We deem that the instant toy plastic plane stands in the same category. It

clearly was an improper use of the plane to aim it in the general direction of his sister Karen at a distance of only five feet and then launch it. Thus, the improper use, rather than any inherently dangerous characteristic of the plane, is the crucial factor.

In *Beznor v. Howell* (1930), 203 Wis. 1, 233 N. W. 758, it was held that a sparkler was not a dangerous instrumentality so as to subject the manufacturer and wholesaler to liability for injuries sustained by a seven-and-a-half-year-old child while playing with it on the Fourth of July. The opinion pointed out that no lack of care and skill in manufacture and no defect in the sparkler had been established. Likewise, in the instant case no defect in manufacture was shown.

It is our considered opinion that defendant cannot be held liable in negligence on the theory of selling an inherently dangerous instrumentality.

### *Implied Warranty.*

The paragraph of the complaint, which attempted to allege a cause of action for breach of implied warranty, stated:

"The defendant, in selling said toy 'jet' airplane, made an implied warranty to purchasers and persons using the same and to all persons necessarily affected by its use that said toy was safe for use by minors and others, which said warranty was breached by the defendant in that said toy 'jet' plane was, in fact, a dangerous weapon and an instrumentality inherently dangerous and unsafe for such users and such persons."

The trial court directed a verdict for defendant on the ground that there was no privity between defendant and plaintiff child. Plaintiffs contend that this was error. However, irrespective of the issue of privity, the cause of action for breach of implied warranty must fail because of our determination that the toy plane is not a dangerous instrumental-

ity. It is obvious that it was as safe a toy as an air gun, bow and arrow, or sparkler when properly used. Proper use required that the plane be launched in an outdoor open space in such manner as not to be aimed in the general direction of another child or person.

Plaintiffs make a strong argument urging this court to abandon its prior holdings that privity between plaintiff and defendant is an essential requirement of a cause of action for breach of implied warranty. This court is not insensible to the present trend in the law toward striking down the existing barriers to recovery in products-liability cases. We took a decided step in that direction in *Smith v. Atco Co.* (1959), 6 Wis. (2d) 371, 94 N. W. (2d) 697, 74 A. L. R. (2d) 1095.

A striking illustration of this liberalizing trend is found in the American Law Institute's Tentative Draft No. 7, Restatement, Torts (2d), p. 14, sec. 402A, and the accompanying notes of the reporter, Dean Prosser. This section imposes absolute liability, regardless of privity or negligence, upon a seller of defective food for human consumption or other products for intimate bodily use which are in a defective condition unreasonably dangerous to the consumer. The reporter's notes point out that "intimate bodily use" includes items such as hair dye, soap, detergent coming in contact with hands, permanent-wave solution, cigarettes, surgical pins for setting bone fractures, and poliomyelitis vaccine.

When this court declared by footnote in *Smith v. Atco Co., supra,* page 383, that Wisconsin requires privity in breach-of-implied-warranty cases, it was merely stating the then present status of our law. This does not mean that this court will adhere to this rule forever, regardless of the persuasiveness of the arguments made, or authorities cited, in favor of changing it. However, we do not deem the instant case a proper one in which to give consideration to this question.

### Inadequate Damages.

By its verdict, the jury fixed the damages for Karen's personal injuries at $8,625. Plaintiffs argue that this sum is so inadequate as to require the granting of a new trial. This court adheres to the principle that the granting of inadequate damages to a plaintiff found not to have a cause of action does not necessarily render the verdict perverse. *Dickman v. Schaeffer* (1960), 10 Wis. (2d) 610, 617, 103 N. W. (2d) 922; *Dennik v. Fox River Bus Lines* (1960), 11 Wis. (2d) 177, 183, 105 N. W. (2d) 364. Therefore, we find it unnecessary here to review the evidence relating to the nature of Karen's injury.

*By the Court.*—Judgment affirmed.

HALLOWS, J. (*dissenting*). I consider this unstable plastic toy airplane an inherently dangerous instrumentality for use by children. I find no evidence to sustain the jury's verdict that the negligence of the defendant was not causal. Certainly the grandmother's purchasing the toy and the father's hiding it was not causal negligence. The use of this toy by the minor plaintiff under the circumstances should not be considered an improper use of the plane and the cause of the injury whether the child shot the toy airplane five feet or 500 feet.

The majority opinion refuses to consider the important question of implied warranty on the ground the toy plane was not a dangerous instrumentality. I would consider and decide this question. The majority opinion is informative of the growing area of products liability but is unsatisfactory in avoiding a decision of the question which was well briefed, argued, and properly presented. In my view, privity of contract has no place in an implied-warranty case involving inherently dangerous instrumentalities particularly here where the intended use of the instrumentality was deceptively harmless to a child.